# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:15-md-2633-SI |
| This Document Relates to All Actions. | ORAL ARGUMENT REQUESTED |

## MOTION AND MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP AS INTERIM LEAD COUNSEL AND STOLL STOLL BERNE LOKTING & SHLACHTER P.C. AS INTERIM LIAISON COUNSEL

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

    A.    Factual Background ................................................................................ 2

    B.    Procedural Background ........................................................................... 3

II.   ARGUMENT .................................................................................................... 4

    A.    The Court Should Appoint Interim Lead Counsel ................................. 4

    B.    Standards for Appointing Interim Lead Counsel ................................... 5

        1.    Proposed Interim Lead Counsel has Significant Relevant Experience and Knowledge of the Applicable Law ............................................ 6

    C.    The Court Should Appoint Interim Liaison Counsel ............................ 12

    D.    Each of the Factors set forth in Rule 23(g)(1)(A) and the Court's Pretrial Order Support Appointment of Cafferty Clobes as Interim Lead Counsel and Stoll Berne as Interim Liaison Counsel ................................................... 15

        1.    Proposed Interim Lead Counsel have Put Forth Significant Work in Identifying and Investigating Potential Claims in the Actions ................ 15

        2.    Proposed Interim Lead Counsel and Proposed Interim Liaison Counsel have Committed, and will Continue to Commit, Significant Time and Resources to Litigate the Actions ............................................. 16

        3.    Proposed Interim Lead has a Proven Track Record of Working Cooperatively with Counsel in the Case and have Secured Significant Support for their Appointment .............................................. 18

        4.    Given the Complexity of the Actions, the Proposed Case Leadership Structure Is Appropriate ................................................ 30

III.  CONCLUSION ............................................................................................... 30

i

# TABLE OF AUTHORITIES

**Cases**

*In re Cardinal Health, Inc. ERISA Litig.*,
  225 F.R.D. 552 (S.D. Ohio 2005) ...................................................................... 4, 5

*In re Delphi ERISA Litig.*,
  230 F.R.D. 496 (E.D. Mich. 2005) ......................................................................... 4

*In re Ins. Brokerage Antitrust Litig.*,
  MDL No. 1663, 2007 WL 542227 (D.N.J. Feb. 16,2007)................................... 8, 10

*In re New Motor Vehicles Canadian Export Antitrust Litig.*,
  270 F.R.D. 30 (D. Me. 2010) ................................................................................. 8

*In re Packaged Ice Litig.*,
  No. 08-MD-01952, 2009 WL 1518428 (E.D. Mich. June 1, 2009).......................... 5

*In re Relafen Antitrust Litig.*,
  221 F.R.D. 260 (D. Mass. 2004).............................................................................. 8

*In re Warfarin Sodium Antitrust Litig.*,
  212 F.R.D. 231 (D. Del. 2002) ............................................................................... 8

*Nowak v. Ford Motor Co.*,
  240 F.R.D. 355 (E.D. Mich. 2006) ................................................................... 15, 17

*Ross v. Jack Rabbit Servs., LLC*,
  No. 3:14-CV-00044-TBR, 2014 WL 2219236 (W.D. Ky. May 29, 2014) ............... 4

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014)............................................................................. 13

*Stanich v. Travelers Indemn. Co.*,
  259 F.R.D. 294 (N.D. Ohio 2009) ........................................................................ 17

**Statutes**

Health Insurance Portability and Accountability Act of 1996,
  Pub. L. 104-191, 110 Stat. 1986 ............................................................................. 2

Wash. Rev. Code § 70.02............................................................................................ 2

**Rules**

Fed. R. Civ. P. 23(g)(1).................................................................................... 4, 5, 6

ii

**Treatises**

MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004)....................................................... 5, 12, 13

**Other Authorities**

*Governance and Legitimacy in the Law of Class Actions*,
   1999 SUP. CT. REV. 337, 388 ..................................................................................................... 5

iii

## MOTION

Pursuant to the Court's Pretrial Order filed July 2, 2015, Plaintiffs in the cases listed in the Table of Related Cases in Exhibit A hereto ("Plaintiffs"), submit this Motion for Entry of an Order Appointing Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes") as Interim Lead Counsel and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne") as Interim Liaison Counsel for Plaintiffs and the proposed Class (the "Motion").

This Motion is supported by the following Memorandum of Points and Authorities, the Exhibits filed herewith, and the other papers on file with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Cafferty Clobes should be appointed Interim Lead Class Counsel and Stoll Berne should be appointed Interim Liaison Class Counsel for the following reasons:  (1) Cafferty Clobes represents 12 Plaintiffs, including an identity theft victim, in total, Cafferty Clobes, Stoll Berne, and their supporting Plaintiffs and law firms represent multiple identity theft victims and 25 Plaintiffs; (2) they have the unconditional support of many firms with extensive experience leading and litigating nationwide data breach and other complex, sophisticated class actions, including on behalf of consumers and relating to the health care and insurance industries; (3) they have shown strong leadership by initiating and leading private ordering discussions with all Plaintiffs' counsel in all cases, and working cooperatively and effectively with co-counsel by initiating, planning, and managing telephone conferences to submit joint leadership papers, the statement of the case brief, and a proposed Case Management Order with great efficiency; (4) Cafferty Clobes helped pioneer and prosecuted earlier personal data and internet privacy litigation, which paved the way for data breach litigation; (5) both firms have extensive

Page 1 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

experience litigating national MDL class cases against the insurance industry on behalf of

policyholders and subscribers; (6) they have led and litigated national consumer class actions; (7)

they enjoy an excellent reputation for civility and professionalism; (8) they have the support of

several firms which have offices in Seattle, WA, where much of the discovery in this action will

likely take place; and (9) they have the resources to efficiently and effectively guide this class

action litigation on behalf of victims of this medical, financial, and personal data breach.

     This Motion does not seek appointment of a steering committee, because the litigation

will be most efficiently managed through an informal structure with Cafferty Clobes directing,

managing, and overseeing work being done by other experienced firms in this case.  If the Court

is inclined to appoint a steering committee, each of the firms supporting this motion is highly

qualified, willing, and able to serve on such a Court-appointed committee.

### A.    Factual Background

     Premera Blue Cross ("Defendant" or "Premera") is a Blue Cross Blue Shield affiliate that

provides health insurance to subscribers in the states of Washington and Alaska and various

other states throughout the country.  Premera is headquartered in Mountlake Terrace,

Washington, is the largest health insurer in Washington and Alaska of both group and individual

plans, and administers the Federal Employee Health Benefits ("FEHB") Program, which insures

federal employees within those states.  Plaintiffs in this action are current and former subscribers

of Premera health insurance whose private medical information and records were exposed,

published, and released in violation of the Health Insurance Portability and Accountability Act of

1996, Pub. L. 104-191, 110 Stat. 1986 ("HIPAA") and the Washington Uniform Health Care

Information Act, which also sets forth privacy standards for insurers in Washington. WASH. REV.

CODE § 70.02 *et seq.*  The data breach resulting in this exposure also caused the exposure,

Page 2 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS**
                  **INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

publication and release of subscriber medical, financial, and personal identifying information.

This is not a garden variety data breach case.  Unlike many recent highly publicized data

breaches that resulted in exposure of credit and debit card information, the breach of Premera's

network systems resulting in the release of private medical information and lifelong Social

Security numbers of the Plaintiffs and class members presents special issues given the highly

sensitive, and unchangeable, nature of the exposed data.[1]  The information published will result

in long-lasting consequences for the victims of this data breach who are now subject to a lifelong

threat of medical, financial, and personal fraud and identity theft requiring remediation.

### B.  Procedural Background

Beginning in March 2015, Plaintiffs filed suit in the District Court for the Western

District of Washington and District of Oregon against Defendant on behalf of themselves and a

class of all individuals and entities whose medical, financial, and/or personal information was

compromised as a result of the data breach disclosed by Premera on March 17, 2015.  Various

Plaintiffs have had their identities stolen and their personal information used by cyber criminals

to open fraudulent accounts in their names.  Together, Plaintiffs seek to redress Defendants'

negligence, breach of contract, breach of fiduciary duty, unjust enrichment, invasion of privacy,

as well as violations of Washington consumer protection and data breach notification statutes.

As described below, Proposed Interim Lead and Liaison Counsel recognized a potential conflict

---

[1] Unlike data breaches where credit and debit card information is exposed and victims can cancel
their accounts, much of the personal information stolen here such as birthdays, address histories,
Social Security numbers, and complete medical records cannot be changed by victims to
eliminate their risks of identity theft and fraud.

Page 3 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS**
            **INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

in proceeding in Washington or Alaska and successfully moved the Judicial Panel on

Multidistrict Litigation to transfer all cases for coordinated pre-trial proceedings to this District.

## II.  ARGUMENT

### A.  The Court Should Appoint Interim Lead Counsel

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a district court may

"designate interim counsel to act on behalf of a putative class before determining whether to

certify the action as a class action."  Courts routinely appoint interim lead counsel at early stages

of the litigation prior to any determination of class certification.  *See, e.g.*, *Ross v. Jack Rabbit*

*Servs., LLC*, No. 3:14-CV-00044-TBR, 2014 WL 2219236, at *5 (W.D. Ky. May 29, 2014)

(recognizing that interim lead counsel may be appointed prior to class certification and citing

FED. R. CIV. P. 23(g)(3)); *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554-55 (S.D.

Ohio 2005) (same); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (same).

Interim appointment is consistent with the many tasks counsel must perform on behalf of the

proposed class prior to class certification, which will include most of the following:

1. Present (to the court or defendants) the position of plaintiffs and the proposed class;

2. Conduct discovery;

3. Conduct settlement negotiations and, where appropriate, present a proposed class settlement to the court;

4. Delegate specific tasks to other counsel, in a manner designed to best ensure efficient and effective litigation on behalf of the proposed class and avoid any duplication of time and effort;

5. Enter into stipulations with opposing counsel;

6. Prepare and distribute status reports to class co-counsel;

7. Maintain detailed time and expense records for all class counsel; and

Page 4 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

    8.     Perform any other duties that may be incidental to the proper prosecution and coordination of pretrial activities.

*See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 10.221, 40.22 (4th ed. 2004).

In cases such as this, where various attorneys from many different law firms represent members of the proposed class, the appointment of interim lead counsel clarifies the attorneys' roles and responsibilities, formally empowers them to act in the best interests of the proposed class, and assures defense counsel that they are dealing with the authorized representatives of the proposed class. *See generally id.* at § 21.11 (discussing the reasons that "[b]efore ruling on class certification, a judge should address . . . [w]hether to appoint interim class counsel . . . ."); *see also In re Cardinal Health*, 225 F.R.D. at 559 (explaining duties of interim counsel). This is especially true where, as here, thirty-nine cases have been filed on behalf of scores of plaintiffs represented by dozens of law firms. Appointment of interim lead counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. *Governance and Legitimacy in the Law of Class Actions*, 1999 SUP. CT. REV. 337, 388 (discussing the danger of a "race to the bottom" situation).

As discussed below, Proposed Interim Lead Counsel are highly qualified, will fairly and adequately represent the Plaintiffs and members of the putative Class, and their appointment is most appropriate.

### B.    Standards for Appointing Interim Lead Counsel

When designating interim lead counsel prior to ruling on class certification, courts consider the criteria used to select class counsel forth in Fed. R. Civ. P. 23(g)(1)(A) . *Jack Rabbit Servs.*, 2014 WL 2219236 at *5; *see also In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428, at *3 (E.D. Mich. June 1, 2009). These factors include:

Page 5 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  This Court has identified additional criteria for selecting lead counsel, some of which overlap with the factors set forth in Federal Rule of Civil Procedure 23(g)(1)(A):

> (1) willingness and ability to commit to a time consuming process; (2) ability to work professionally, civilly, and cooperatively with others; (3) professional experience in complex litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

Pretrial Order No. 1 (Dkt. No. 7).  Courts also may "consider any other matter pertinent to ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B). When all of these factors are considered, it is clear that Cafferty Clobes should be appointed Interim Lead Counsel for Plaintiffs and the proposed Class.

### 1.  Proposed Interim Lead Counsel has Significant Relevant Experience and Knowledge of the Applicable Law

The qualifications and relevant experience of Cafferty Clobes as lead counsel in scores of class actions in federal and state courts throughout the country are detailed in the accompanying firm CV.  *See* Exhibit B (Cafferty Clobes CV). In sum, Cafferty Clobes brings a wealth of litigation experience representing consumers and leading class actions, including consumer internet privacy cases, and class actions that have involved many of the sensitive and unique issues associated with the health care industry.

Page 6 –   **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

### a.    Cafferty Clobes Meriwether & Sprengel LLP

Cafferty Clobes is a leading, national class action firm with offices in Philadelphia, Chicago, and Ann Arbor, and more than twenty years of experience leading and handling complex consumer, internet privacy, antitrust, commodities, securities, employment and other commercial class actions.  *See* Ex. B.

For example, Cafferty Clobes helped pioneer the first internet privacy class cases aimed at protecting personal and private information and data from unauthorized collection and use by third-party websites and internet advertising companies.  These cases eventually helped pave the way for the much more recent data breach cases, such as the instant action.  For example, in *Supnick v. Amazon.Com, Inc., and Alexa Internet*, No. 00-CV-221 (W.D. Wash.), Cafferty Clobes served as co-lead counsel and successfully prosecuted a consumer privacy class action against Amazon and Alexa Internet for violating user privacy by secretly collecting personally identifying information of users without informed consent and exploiting that information for commercial gain.  The firm's leadership and efforts in that case resulted in a settlement that included programmatic and monetary relief that was approved by Judge Pechman and endorsed by the Federal Trade Commission.

Cafferty Clobes has extensive experience leading and litigating complex class actions, including those addressing issues unique to the health care industry.  For example, in *In re Insurance Brokerage Antitrust Litig.*, MDL No. 1663 (D.N.J. 2005), the court appointed the firm as one of two co-lead counsel in what was then one of the largest antitrust and RICO class actions ever prosecuted in the United States.  That multidistrict class litigation involved dozens of national insurance company and insurance brokerage firm defendants that conspired to allocate customers and policies among preferred insurers in a complicated, national scheme to

Page 7 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

inflate premiums at the expense of policyholders.  In that case, the Court assessed the qualification, experience and ability of Plaintiffs Class Co-Lead Counsel on multiple occasions, and each time determined that "these attorneys [Bryan Clobes and Edith Kallas] are clearly 'well qualified and experienced class action attorneys who have been involved in similar . . . litigation around the country.'" *In re Ins. Brokerage Antitrust Litig.,* MDL No. 1663, 2007 WL 542227, at *14 (D.N.J. Feb. 16, 2007) (*quoting In re Warfarin Sodium Antitrust Litig.,* 212 F.R.D. 231, 250 (D. Del. 2002), *aff'd,* 391 F.3d 516 (3d Cir. 2004)).  Cafferty Clobes and its co-lead counsel ultimately negotiated and secured settlements totaling well over $300 million during nine years of hard fought litigation involving many of the largest law firms in the country, and coordinated work and staffing among more than fifty co-counsel firms, including a number of the firms and lawyers involved in the present case.

As detailed in its CV, Cafferty Clobes has also successfully led many other complex class cases on behalf of consumers.  *See, e.g., In re New Motor Vehicles Canadian Export Antitrust Litig.,* 270 F.R.D. 30, 35 (D. Me. 2010) (co-lead counsel in multidistrict action resulting in a $37 million settlement with Toyota and the Canadian Automobile Dealers' Association); *In re TriCor Indirect Purchaser Antitrust Litig.,* No. 05-360 (D. Del) (co-lead counsel for consumer and third-party payor plaintiffs in monopoly litigation resulting in a $67.5 million settlement); *In re Relafen Antitrust Litig.,* 221 F.R.D. 260, 273 (D. Mass. 2004) (co-lead counsel in multidistrict antitrust action resulting in $75 million settlement for consumers and third-party payors who paid for branded and generic versions of the arthritis medication Relafen); *In re Warfarin Sodium Antitrust Litig.,* 212 F.R.D. 231 (D. Del. 2002) (co-lead counsel in action alleging that defendant engaged in anticompetitive conduct that wrongfully suppressed competition from generic warfarin sodium, resulting in $44.5 million settlement).

Page 8 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

The firm also currently represents consumers as lead counsel in various other class cases pending throughout the country. *See, e.g., Skeen v. BMW of N. Am., Inc.*, 2:13-cv-01531-WHW-CLW (D.N.J.) (co-lead counsel in action alleging that the defendant vehicle manufacturer failed to disclose an engine defect likely to result in catastrophic engine failure); *Meyers v. Garmin Int'l, Inc.*, No. 13-CV-2416 (D. Kan. 2013) (lead counsel in nationwide class action under Kansas law alleging that defendant's products use defective batteries prone to early failure); *Darisse v. Nest Labs, Inc.*, No. 5:14-cv-01363-BLF (N.D. Cal. 2014) (co-lead counsel in action alleging consumer fraud in connection with sale of "smart" thermostats); *Hadley v. Chrysler Group, LLC*, No. 13-cv-13665 (E.D. Mich. 2013) (lead counsel in a consumer class case asserting breach of warranty and consumer fraud claims brought on behalf of Jeep Cherokee owners whose vehicles contain defective airbags); *Traxler v. PPG Industries, Inc.*, No. 1:15-cv-00912-DAP (N.D. Ohio 2015) (co-lead counsel in a consumer class action brought on behalf of purchasers of deck stain); *Bergman v. DAP Products, Inc.*, No. 1:14-cv-03205 (D. Md. 2014) (co-lead counsel in a consumer class action brought on behalf of purchasers of X-Hose products); *Sharp v. Watts Regulator Co.*, No. 1: 14-cv-14080 (D. Mass. 2014) (co-counsel in a consumer class action brought on behalf of purchasers and owners of allegedly defectively designed or manufactured flexible braided stainless steel water heater supply lines); *Klug v. Watts Regulator Co.*, No. 8:15-cv-00061 (D. Neb. 2015) (co-counsel in a consumer class action brought on behalf of purchasers and owners of allegedly defective thermocouples). There is no question that Cafferty Clobes is well-suited to efficiently and effectively lead, manage, and guide this action for the benefit of Plaintiffs and the Class.

As demonstrated by its experience leading and managing complex class actions, Cafferty Clobes attorneys have significant relevant experience and knowledge of the applicable law. The

Page 9 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

following firm attorneys have been and will continue to be integrally involved in the investigation and prosecution of this action.

**Bryan L. Clobes** is a named partner and has been with the firm since six months after its formation in 1992.  He is a resident in the firm's Philadelphia, Pennsylvania Office. Mr. Clobes has extensive experience leading and litigating consumer and other complex class cases. Mr. Clobes has represented clients in all the firm's major industry areas, including pharmaceuticals, airlines, insurance and financial services, telecommunications, technology, retailing and manufacturing.  In connection with a recent case, the court assessed the qualification, experience and ability of Plaintiffs Class Co-Lead Counsel on multiple occasions, and each time determined that "these attorneys [Bryan Clobes and Edith Kallas] are clearly well qualified and experienced class action attorneys who have been involved in similar . . . litigation around the country." *In re Ins. Brokerage Antitrust Litig.*, 2007 WL 542227, at *14 (internal quotations omitted).  Mr. Clobes has attained the highest rating, "A V", from Martindale-Hubbell and has been selected as a "Super Lawyer" over ten times. Prior to joining the firm, Mr. Clobes served as Trial Counsel for the Commodity Futures Trading Commission in Washington, D.C.  During and after graduating from Villanova University School of Law, Mr. Clobes clerked for Judges Arlin M. Adams of the U.S. Court of Appeals for the Third Circuit, Mitchell H. Cohen of the U.S. District Court for the District of New Jersey, and Joseph Kaplan of the Maryland Circuit Court in Baltimore.  Mr. Clobes is a graduate of the University of Maryland, where he obtained his Bachelor's Degree.  Mr. Clobes is a long-standing member of the bars in New Jersey and Pennsylvania, the Supreme Court of the United States, the United States Courts of Appeals for the Third Circuit, and the United States District Courts for the Eastern District of Pennsylvania,

Page 10 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

District of New Jersey, and the Eastern District of Michigan.  Mr. Clobes's certificate of good

standing for Pennsylvania is attached hereto as Exhibit C.

**Jennifer Winter Sprengel** is a Partner at Cafferty Clobes' Chicago office.  Ms. Sprengel

is a 1990 graduate of DePaul University College of Law, where she was a member of the *DePaul*

*University Law Review*.  She received her undergraduate degree from Purdue University in 1987.

Ms. Sprengel has handled a variety of commercial litigation matters in both state and federal

court.  Ms. Sprengel is admitted to practice law in Illinois, the United States District Court for

the Northern District of Illinois and the United States Court of Appeals for the Third and Seventh

Circuits.  Ms. Sprengel currently serves as Co-Chair of the Class Action and Derivative Suits

Committee of the American Bar Association's Litigation Section.  Ms. Sprengel has requested

her certificate of good standing, which will be filed prior to the August 7, 2015 hearing.

**Nyran Rose Rasche** joined Cafferty Clobes Meriwether & Sprengel LLP in 2003 and is

resident in its Chicago, Illinois Office.  Ms. Rasche received her undergraduate degree *cum laude*

from Illinois Wesleyan University in 1995, and earned her law degree from the University of

Oregon School of Law in 1999.  Following law school, Ms. Rasche served as a clerk to the

Honorable George A. Van Hoomissen of the Oregon Supreme Court.  She is the author of

*Protecting Agricultural Lands: An Assessment of the Exclusive Farm Use Zone System*, 77

Oregon Law Review 993 (1998).  Ms. Rasche has been admitted to practice in the states of

Oregon (inactive) and Illinois, as well as the United States District Courts for the Northern

District of Illinois and the Southern District of Illinois.  She is also a member of the Chicago Bar

Association.  Ms. Rasche has requested her certificate of good standing, which will be filed prior

to the August 7, 2015 hearing.

Page 11 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

**Kelly L. Tucker** joined Cafferty Clobes' Philadelphia office as an Associate in 2011. Ms. Tucker is admitted to practice in Pennsylvania and New York and before the District Court for the Eastern District of Pennsylvania. Ms. Tucker received her law degree from Fordham University School of Law in 2010. While attending Fordham, Ms. Tucker was the Executive Notes and Articles Editor of the *Fordham Journal of Corporate and Financial Law* and a member of the Executive Board of Fordham Law Moot Court. Ms. Tucker published a Note on the subject of antitrust litigation entitled, "Five Years after *Empagran*—Lights out on Foreign Activity Falling under Sherman Act Jurisdiction?," and served as a Judicial Intern to the Honorable Douglas Eaton, a Magistrate Judge in the District Court for the Southern District of New York. Since joining the firm, Ms. Tucker has had substantial experience in the litigation of complex class actions, including high-level involvement in the prosecution of several consumer class cases. Ms. Tucker is an alumnus of the American University Honors Program, graduating from American University in Washington, D.C. in 2003 with her Bachelor's degree. Ms. Tucker's certificate of good standing for Pennsylvania is attached hereto as Exhibit D.

The biographical information of additional Cafferty Clobes counsel who will work on the litigation as needed is included in Exhibit B.

### C.    The Court Should Appoint Interim Liaison Counsel

Proposed Interim Lead Counsel also ask the Court to appoint Stoll Berne as Interim Liaison Counsel (firm CV and attorney biographies attached hereto as Exhibit E). A court, in its discretion, may appoint interim liaison counsel to assist interim lead counsel primarily with administrative matters. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 10.221. "Liaison counsel generally assists lead counsel with administrative matters, such as filings, communications with the Court, convening meetings of counsel, assuring compliance with local

Page 12 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

rules, and attending hearings." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014). Furthermore, tasks to be performed by liaison counsel in this litigation include the following:

1.  Work in conjunction with co-lead counsel to assist in coordination of meetings, discovery, litigation positions, and other tasks deemed necessary by co-lead counsel;

2.  Ensure that Plaintiffs comply with all local rules and procedures governing the practice of law before the United States District Court for the District of Oregon;

3.  Maintain and distribute to co-counsel and to defendants' liaison counsel an up-to-date service list;

4.  Receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel; and

5.  Establish and maintain a document depository.

*See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 40.22; 10.221.

Stoll Berne is well situated to serve as Interim Liaison Counsel. Stoll Berne specializes in plaintiffs' consumer fraud, securities and antitrust class action litigation and practices extensively before this Court. Stoll Berne has been appointed lead, co-lead or liaison counsel in numerous class actions. In addition, Stoll Berne has extensive experience litigating cases involving healthcare issues and health insurance.

The Oregon District Court has previously appointed Stoll Berne as lead counsel in a number of class actions, including the following:

- *A.F. et al v. Providence Health Plan*, No. 3:13-cv-00776-SI (lead counsel in ERISA case against health insurer regarding blanket exclusion of treatment for people with autism. Court ruled health insurance policy exclusion was invalid under state and federal law. Case still pending.).

- *Chehalem Physical Therapy, Inc. v, Coventry Health Care, Inc.*, No. 3:09-cv-320-HU (lead counsel in a nationwide breach of contract class action for healthcare providers against the largest PPO in the country, $11.3 million settlement);

Page 13 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

- *In re Rite Aid* (*Cedano v Rite Aid Corporation*), No. 2:10-cv-00237 (co-lead counsel in employment class action, $20.9 million settlement);

- *Reynolds v. Hartford*, No. 01-1529-BR, (lead counsel in a nationwide Fair Credit Reporting Act case, $85 million settlement);

- *In re Southern Pacific Funding Corporation Securities Litigation*, No. cv-98-1239-MA (appointed co-lead counsel in nationwide securities class action, $20 million settlement);

- *In Re Louisiana Pacific Corp. Securities Litigation*, No. 95-707-JO (appointed lead counsel in nationwide securities fraud case, $65 million settlement);

- *In Re Assisted Living Concepts*, No. 99-167-AA (appointed lead counsel in nationwide securities fraud case, $43.5 million settlement); and

- *In Re Melridge Sec. Litig.*, No. 87-1426-FR (appointed co-lead and liaison counsel in nationwide securities fraud, $88 million verdict).

This Court has also appointed Stoll Berne as Liaison Counsel and/or to serve on the Plaintiffs' Steering Committee in *Arnett v. Bank of America*, 3:11-cv-01372-SI; *In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation*, MDL Docket No. 1439; and in *In re Vestas Wind Systems A/S Securities Litigation*, 3:11-cv-00585-MO. This Court has also approved Stoll Berne as class counsel in *Phelps v. 3PD, Inc.*, 3:08-cv-00387-HU, 261 FRD 548 (D. Or. 2009) (employment class action). Stoll Berne has also served as class counsel in *In re FedEx Ground Package Sys., Inc.* (*Slayman v. FedEx Ground Package Sys., Inc.*, 3:05-cv-01127-HZ) (multi-district employment class action).

Stoll Berne also has been appointed or acted as lead or co-lead counsel in numerous state class actions in Oregon and in other federal actions, including:

- *In re JPMorgan Chase & Co. Securities Litigation* (S.D.N.Y. Case No. 1:12-cv-03852-GBD) (special counsel to the co-lead plaintiff);

Page 14 –   **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

- *In re: Bank of New York Mellon Corporation Foreign Exchange Transactions Litigation* (S.D.N.Y. Case No. 1:12-md-02335-LAK-JLC) (co-counsel for lead plaintiff in federal securities case);

- *Marchese v. Cablevision Systems Corporation* (D.N.J. Case No. 2:10-cv-02190-MCA-MAH) (co-counsel for lead plaintiffs in antitrust putative class action);

- *Perez-Marcos v. Bottomly Farms*, (Mult. Co. No. 1202-02639) (co-lead counsel in employment class action);

- *Batiste v. Quantum* (Mult. Co. No. 1102-02645) (appointed lead counsel in landlord-tenant class action);

- *Barlean v. Black & Co., et al.*, (Mult. Co. Case No. 9012-07865) (appointed lead counsel in securities case on behalf of investors against auditors, Deloitte & Touche.  Jury verdict in favor of plaintiffs resulted in total recovery for the class in excess of $6 million);

- *Wilson v. Smurfit Newsprint Corp.*, (Mult. Co. No. 9912-13689) (co-lead counsel in Oregon employment class action); and

- *In Re Exxon Valdez Oil Spill Litig.*, (Alaska Super. No. 3AN-89-2533) (appointed as one of several co-lead counsel).

Stoll Berne's experience leading and litigating complex class action cases both within and without this District make it well suited to serve as Interim Liaison Counsel in this case. *See also* Firm CV and Attorney Bios, Ex. E.  Certificates of Good Standing for Stoll Berne attorneys Keith Dubanevich, Steve Larson, and Mark Friel are filed herewith as Exhibit E-1.

      **D.**    **Each of the Factors set forth in Rule 23(g)(1)(A) and the Court's Pretrial Order Support Appointment of Cafferty Clobes as Interim Lead Counsel and Stoll Berne as Interim Liaison Counsel**

            **1.**    **Proposed Interim Lead Counsel have Put Forth Significant Work in Identifying and Investigating Potential Claims in the Actions**

The amount of time and effort counsel puts into the case prior to class certification is a significant factor in appointing interim class counsel. *See Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 363 (E.D. Mich. 2006) (appointing as interim lead counsel firms that "have demonstrated a

Page 15 – **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

commitment to identifying and investigating potential claims in the action . . . any added time these Plaintiffs' attorneys took to prepare and file their complaints resulted in a superior draft of a complaint."). Cafferty Clobes have done an extensive amount of work identifying and investigating potential claims in this action. The firm has (a) communicated with numerous class members and defense counsel; (b) investigated the cause and effects of the data breach; (c) drafted detailed complaints; (d) communicated with industry experts concerning the nature and impact of the Premera data breach; and (e) investigated and identified potential conflicts in proceeding in the District Court for the Western District of Washington—including that Premera administers the Federal Employee Health Benefit plans for federal court employees and over six million Washington residents (of seven million total) are victims of the data breach—and with co-counsel Chimicles & Tikellis LLP ("C&T") were the only parties to successfully argue that the multidistrict litigation be transferred to the District Court for the District of Oregon. *See* MDL No. 2633 (J.P.M.L.) (Dkt. No. 35).

### 2.    Proposed Interim Lead Counsel and Proposed Interim Liaison Counsel have Committed, and will Continue to Commit, Significant Time and Resources to Litigate the Actions

The work Cafferty Clobes and Stoll Berne have already undertaken in identifying and investigating potential claims in this case also supports their requested appointments and indicate the extensive resources they will commit to representing the Class. The firms have identified and investigated the factual bases of the allegations in the Actions by communicating with putative class members, identified the pertinent issues and worked with experts relating to damages and liability issues, determined the viable legal theories that could be brought in the Actions and filed claims, identified potential conflicts of trying the case in the Western District of Washington, and initiated and led numerous efforts to privately order all Plaintiffs' counsel

Page 16 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

and cases in order to avoid contested motion practice and present the court with a consensus organizational structure.

Cafferty Clobes and Stoll Berne have already committed the time and efforts of numerous attorneys to the legal research, factual investigation and prosecution of the case, and will continue to do so, keeping in mind appropriate staffing levels for each project. Further, the firms have conducted significant investigations of potential class member claims, which are ongoing.

Cafferty Clobes and Stoll Berne are ready, willing, and able to continue to commit the resources necessary to litigate this case vigorously. *See, e.g., Stanich v. Travelers Indemn. Co.*, 259 F.R.D. 294, 320 (N.D. Ohio 2009) ("the Plaintiffs' counsels' conduct to date, as well as the Court's familiarity with these attorneys and firms, clearly indicates that they have sufficient resources to prosecute this action and intend to apply themselves to the task diligently"); *Nowak*, 240 F.R.D. at 362-63 (appointing lead counsel that court determined "will also be able to commit adequate resources to this matter"). The resources of Cafferty Clobes and Stoll Berne, combined with the commitments of other firms who lend their support to this Motion to provide all necessary resources, will ensure that this litigation is well-funded and efficiently and effectively staffed. The extensive pre-filing investigation clearly demonstrates that counsel have the will and ability to commit the necessary time and resources to assure a strong and well-supported prosecution. Further, the firms' resources are not merely financial, but also include their experience discussed below, which will greatly benefit the Plaintiffs and proposed class. The ability to draw from this experience will streamline the litigation and ensure that Plaintiffs' claims are well-litigated. As Interim Lead and Liaison Counsel, respectively, Cafferty Clobes

Page 17 – **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

and Stoll Berne will continue to commit the same resources and effort to this case as they have

committed to their other, successful actions.

> ### 3.    Proposed Interim Lead has a Proven Track Record of Working Cooperatively with Counsel in the Case and have Secured Significant Support for their Appointment

Cafferty Clobes has a proven track record of successful collaboration with other firms in

the consolidated actions.  These cooperative relationships have a proven track record of

benefitting the plaintiffs and classes they represented.  *See, e.g.*, *In re Apple iPhone/iPod*

*Warranty Litig.*, No. 10-cv-1610-RS (N.D. Cal.) (Dkt. No. 154) (granting final approval to $53

million settlement to class represented by C&T and Cafferty Clobes); *Bergman v. DAP Products,*

*Inc.*, No. 14-cv-3205-WSQ (D. Md.) (Dkt. No. 40) (Cafferty Clobes and C&T appointed co-lead

counsel in a consolidated consumer class action concerning the marketing and sale of defective

garden hoses); *In re Ins. Brokers Antitrust Litig.*, MDL No. 1633 (D.N.J.) (As co-lead counsel,

Cafferty Clobes worked with Hausfeld LLP, Lite DePalma & Greenberg LLC, C&T, Zwerling

Schachter & Zwerling); *In re Hyundai and Kia Fuel Economy Litig.*, MDL. No. 2424 (C.D. Cal.)

(Cafferty Clobes worked with Girard Gibbs and other firms involved in this litigation to achieve

a favorable settlement); *Skeen v. BMW of N. Am., LLC*, No. 2:13-cv-1531 (D.N.J.) (Cafferty

Clobes as co-lead counsel is currently working effectively with Morgan & Morgan and Adhoot

& Wolfson, P.C.); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, MDL No. 1532

(As a member of the court-appointed leadership structure, Cafferty Clobes worked with Milberg

LLP and Hausfeld LLP).

Further supporting their motion for appointment as Interim Lead and Liaison Counsel,

respectively, Cafferty Clobes and Stoll Berne have the support of many firms with extensive

leadership and litigation experience in data breach, privacy, and consumer class actions who

Page 18 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

have and would likely seek appointment as lead counsel themselves here but for their support of Cafferty Clobes and Stoll Berne.  A brief summary of the leadership experience of a number of these firms are detailed below.

### a.    Heins Mills & Olson

Heins Mills & Olson ("Heins Mills") has extensive experience leading consumer classes in data breach litigation.  On May 15, 2014, Heins Mills & Olson partner Vincent Esades was appointed sole lead counsel for the consumer class in *In Re: Target Corporation Customer Data Security Breach Litigation*, C.A. No. 14-CV-4975, MDL No. 14-2522 (PAM/JJK) (D. Minn.), a nationwide action arising from one of the largest breaches of payment-card security in United States retail history.  Over a period of more than three weeks during the 2013 holiday shopping season, malicious software infiltrated Target's computer system and siphoned credit- and debit-card information and other personal data of an estimated 110 million customers.

On December 18, 2014, the court denied in large part Target's motion to dismiss and the case is ongoing.  Surmounting Target's motion to dismiss was particularly challenging in the wake of decisions granting motions to dismiss in the vast majority of other cases where customers sought compensation for theft of their personal data from other U.S. retailers.  To distinguish *Target* from the crowd, where customers claimed only the potential for future injury, Heins Mills was careful to allege in detail actual injury to the class representatives in the form of unauthorized charges on their cards, lost access to their accounts, and payment of late fees, card-replacement fees, credit monitoring costs and other financial harm, as well as harm flowing from additional future abuse of their sensitive information arising from sale of consumers' data on the Internet black market.

Page 19 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

On February 17, 2015, Heins Mills was appointed to the Financial Institutions Plaintiffs' Steering Committee in *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No.: 1:14-md-02583-TWT (N.D. Ga.), which arose from another one of the largest payment-card security breaches in the nation's history. The firm serves on the Law & Briefing Committee. Home Depot has filed a motion to dismiss, which the parties are currently briefing.

Heins Mills has also represented consumers injured by violations of a wide variety of deceptive trade practices and consumer protection laws. The firm has brought class action claims on behalf of all types of consumers, including purchasers of prescription drugs, long distance telephone service, air compressors, smoke detectors, lawn mower engines and hearing aids. Examples of Heins Mills leadership roles in these consumer cases include:

Co-lead counsel in *Glaberson (formerly Behrend) v. Comcast Corp.*, No. 03-6604 (E.D. Pa.), a long-running antitrust case alleging that Comcast restrained trade and monopolized the cable television market in the Philadelphia area. On December 12, 2014, the court certified a settlement class and granted preliminary approval of a settlement comprising both cash payments for former subscriber class members and credits and services for current subscribers. The final approval hearing is scheduled for September 9, 2015.

Co-lead counsel in *In re Fiber Optic Cable Litigation*, which comprises multi-state litigation against major telecommunications companies and utilities to vindicate the rights of landowners whose property was used for the installation of fiber optic cable without compensation. In that capacity Heins Mills participated in fashioning an innovative global settlement that comprises separate agreements on a state-by-state basis. To date, a total of 42 state settlements have received final approval.

Page 20 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

Co-lead counsel for nationwide consumer classes in *In re Aftermarket Filters Antitrust Litigation*, MDL No. 1957 (N.D. Ill.), which alleged antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of consumer purchasers from multiple states.  Settlements with all defendants were reached and received final approval.

A copy of Heins Mills's firm CV detailing additional relevant experience is attached hereto as Exhibit F.

### b.    Chimicles & Tikellis LLP

C&T and firm partner Joseph Sauder have successfully prosecuted numerous complex class action cases in leadership roles and Mr. Sauder has been significantly involved in the prosecution of the instant litigation.  As lead counsel in many complex consumer class action cases, including litigation on behalf of data breach victims, C&T has conferred substantial benefits upon class members, including the following cases:

- *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litig.*, No. 09-MD-02046 (S.D. Tex.): C&T served as co-lead counsel in the Heartland data breach, which remains the largest data breach in history. The firm represented a putative class of banks, credit unions, and financial institutions that had re-issued debit and credit cards, incurred unreimbursed fraudulent charges, or were otherwise injured as a result of the data breach.

- *Roma Pizzeria v. Harbortouch*, HNT-L-637-12 (N.J. Super. Ct.): C&T was appointed Class Counsel in a settled and approved class action case against Harbortouch alleging improper fees charged by the credit card processing merchant.  They achieved a $7.2 million settlement on behalf of approximately 38,000 settlement class members.

- *In re Checking Account Overdraft Litig.*, 1:09-MD-02036-JLK (S.D. Fla.): C&T was appointed a Team Leader in the Multidistrict Litigation proceedings against Comerica Bank and U.S. Bank.  As a Team Leader, they achieved a $55 million settlement against U.S. Bank and a $14.5 million settlement against Comerica Bank.

Page 21 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

- *Henderson v. Volvo Cars of North America, LLC*, No. 2:09-cv-04146-CCC-JAD (D.N.J.): C&T served as lead counsel in a settled and approved class action case against Volvo alleging catastrophic transmission failure in the 2003-2005 XC90 T6 model Volvo vehicles.  In granting final approval of the settlement and appointing C&T as counsel for the settlement class of over 90,000 class members, Judge Cecchi noted "[a]s discussed in the section on class certification, Class Counsel are experienced in litigating and settling consumer class actions.  Class Counsel obtained substantial benefits for the Class Members — despite vigorous defense by Volvo's counsel — a consideration that further evidences Class Counsels' competence."  *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146, 2013 U.S. Dist. LEXIS 46291, at *51-52 (D.N.J. Mar. 22, 2013).

- *Physicians of Winter Haven LLC, d/b/a Day Surgery Center v. STERIS Corp.*, No. 1:10-cv-00264-CAB (N.D. Ohio): C&T served as a court-appointed lead counsel and achieved a $20 million settlement on behalf of hospitals and surgical centers that purchased a sterilization device that allegedly did not receive the required pre-sale authorization from the FDA.

- *Whalen v. Ford Motor Company*, No. 13-3072-EMC (N.D. Cal.): C&T currently serves as co-lead counsel in a class action lawsuit on behalf of current and former owners and lessees of Ford and Lincoln vehicles related to an alleged design defect with the Sync®, MyFordTouch®, and MyLincoln® Touch systems.  After extensive briefing and oral argument regarding Defendant's motion to dismiss, Judge Chen upheld the majority of Plaintiffs' causes of action in the complaint and the litigation is currently in the discovery phase.

- *Lax v. Toyota Motor Corporation*, No. 3:14-cv-01490-WHO (N.D. Cal.): C&T was appointed interim lead counsel on behalf of current and former owners and/or lessees of Toyota vehicles that suffer from excessive oil consumption due to allegedly defective engine piston rings.

- *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J.): C&T was appointed interim co-lead counsel in a class action lawsuit on behalf of consumers who purchased NIBCO's allegedly defective plumbing products, including PEX tubing and clamps, or otherwise had those plumbing products installed in their homes or other structures.

A copy of C&T's firm CV detailing additional relevant experience is attached hereto as

Exhibit G.

### c.      Zwerling, Schachter & Zwerling, LLP

Zwerling, Schachter & Zwerling, LLP ("ZSZ") has been a leader in prosecuting class

actions on behalf of consumers and shareholders for over three decades.  ZSZ has served as lead

Page 22 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

counsel in numerous cases involving claims under antitrust, consumer protection and securities laws.  ZSZ is known for its persistent and zealous pursuit of both monetary relief and fundamental change benefitting both consumers and shareholders.  For example, in *In re Cipro Cases I and II,* JCCP Nos. 4154 & 4220 (Sup. Ct. Cal.), an antitrust class action on behalf of consumers and third-party payors in California, ZSZ achieved a settlement with one of the pharmaceutical defendants after a decade-long battle which resulted in a $74 million dollar distribution to class members in 2015.  At a time when similar cases throughout the country were being dismissed or avoided, ZSZ continued to pursue its efforts to stop pharmaceutical companies from entering agreements that fixed the price of prescription drugs at the expense of the public.  In March, 2015, ZSZ's persistence was rewarded when the Supreme Court of California issued its landmark decision declaring illegal "reverse payment agreements" between pharmaceutical manufacturers when the parties "privately agree to substitute consensual monopoly in place of potential competition." *In re Cipro Cases I & II*, 61 Cal.4th 116, 130 (Cal. 2015).

ZSZ also currently serves as a lead counsel in a number of cases including *Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 1:11-cv-01083-RMB-KMW (D.N.J.), challenging the fees charged by investment advisors to certain mutual funds as excessive and a breach of fiduciary duty under the Investment Company Act of 1940.

ZSZ has also led efforts to insure that eligible class members receive the benefits of any judgments or settlements obtained by ZSZ on their behalf.  In *BP Prudhoe Bay Royalty Trust Sec. Litig.*, No. C06-1505 MJP (W.D. Wa.), under ZSZ's leadership, an additional $4.5 million dollars was able to be distributed to nearly 1,500 individual class members with small investments who had proven difficult to identify and locate.

Page 23 –   **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

ZSZ also served as liaison counsel in the data breach class action *Lovell v. P.F. Chang's China Bistro, Inc.*, No. 2:14-cv-01152 RSL (W.D. Wa.).

A copy of ZSZ's firm CV detailing additional relevant experience is attached hereto as Exhibit H.

### d.      Goldman Scarlato & Penny, P.C. ("GSP")

Goldman Scarlato & Penny, P.C. ("GSP") has experience litigating data breach class actions.  GSP recently served on both the Complaint and Briefing Committees in *In re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn. 2014).  In that capacity, GSP collaborated with other attorneys to create a 600+ page memorandum surveying potential claims in data breach class actions in all 50 states and also drafted sections of the master amended complaint.  GSP also helped to successfully defend the sufficiency of those allegations by briefing sections of the opposition to Target's motion to dismiss.

GSP also serves on the Plaintiffs' Steering Committee in *In re: Community Health Systems, Inc., Consumer Security Data Breach Litigation*, MDL No. 2595 (N.D. Ala. 2015). GSP serves as Chair of the Plaintiff Selection Committee, which was charged with vetting more than 200 potential plaintiffs and organizing discovery issues related to those parties.  GSP was also called on to help draft the master amended complaint and expects to be substantially involved in briefing and discovery tasks as the case progresses.

In addition, GSP is currently serving as lead or co-lead counsel in *Kaufman v. CVS Caremark Corp.* (D.R.I. 2014) (alleging false and misleading statements in the sale and packaging of vitamin E); *Mirakay v. Dakota Growers Pasta Co.* (D.N.J. 2013) (alleging false and misleading advertising of pasta products); *Boris v. Walmart*, 13-cv-07090 (C.D. Cal.  2013) (alleging consumer deception in sale of migraine medication); *Allan v. Realcomp II* (E.D. Mich.

Page 24 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

2010) (alleging price-fixing in the market for real estate brokerage services); *In re Biozoom Inc.*

*Securities Litigation*, 1:14-cv-01087 (N.D. Ohio 2014) (alleging violations of the Securities Act

of 1933 and various Blue Sky laws for the sale of unregistered securities); *In re Class 8 Truck*

*Transmission Indirect Purchaser Antitrust Litigation*, 11-cv-00009 (D. Del. 2009) (alleging an

antitrust conspiracy in the market for linehaul truck transmissions); *Boland v. Columbia Multi-*

*Listing Service* (D.S.C. 2009) (alleging price-fixing in the market for real estate brokerage

services); and *Robertson v. Hilton-Head Multi-Listing Service* (D.S.C. 2009) (alleging price-

fixing in the market for real estate brokerage services).

GSP attorneys have also recently served as lead or co-lead counsel on significant,

successful securities fraud actions, including *In re Accuray, Inc. Securities Litigation* ($13.5

million settlement), *In re K12 Securities Litigation* ($6.75 million recovery), *In re Coinstar*

*Securities Litigation* ($6 million settlement) and *In re Spectranetics Securities Litigation* ($8.5

million settlement).

A copy of GSP's firm CV detailing additional relevant experience is attached hereto as

Exhibit I.

> ### e.    Barrack, Rodos & Bacine

Barrack, Rodos & Bacine ("BR&B") has been extensively involved for almost forty

years in nationwide, complex, mega-class action litigation seeking to recover economic damages

for aggrieved individuals and class members, successfully recovering billions of dollars,

including numerous actions that alone have secured recoveries in excess of $1 billion dollars.

The Firm has held significant leadership positions in scores of these complex litigations, having

been appointed by courts as a lead or co-lead counsel in nationwide class actions throughout the

United States.  The Firm has extensive experience in class action issues, loss causation and

Page 25 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS**
**INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

damages issues, and has achieved significant recoveries at trial, after appellate proceedings, and through negotiated settlements.

Among its many notable cases and recoveries as a lead or co-lead counsel are: *In re WorldCom, Inc. Securities Litig.*, Master File No. 02-cv-3288 (DLC) (S.D.N.Y.), settlements recovering $6.19 billion for class members, the largest securities class action recovery in the Southern District of New York and in the Second Circuit, which included settlements of over $3 billion after the Court denied defendants' summary judgment motions and $65 million after nearly five weeks of trial against WorldCom's outside auditor; *In re Cendant Corporation Litigation*, No. 98-cv-1664 (D.N.J.), settlements recovering more than $3.3 billion, the largest securities class action recovery in the District of New Jersey and in the Third Circuit; *In re McKesson HBOC, Inc. Securities Litigation*, Master File No. CV-99-20743 RMW (N.D. Cal.), settlements recovering $1.052 billion for the class, the largest securities class action recovery in the Northern District of California and in the Ninth Circuit; *In re The Pepsi Bottling Group, Inc. Shareholder Litigation*, Consolidated C.A. No. 4526-VCS (Del Ch.), settlements securing an additional $1.022 billion in value, and other beneficial terms; *In re Vitamins Antitrust Litigation*, MDL No. 1285 (D.D.C.) serving as member of Executive Committee in this international price-fixing action recovering over $1 billion; *In re American International Group, Inc. 2008 Securities Litigation*, Case No. 08-cv-4772-LTS-DCF (S.D.N.Y.), settlements totaling $970.5 million; *In re Chiron Shareholder Deal Litigation*, Case No. RG 05-230567 (Alameda Cty. Cal. Superior Ct.), securing a benefit to the class via settlement of approximately $880 million; *In re Apollo Group, Inc. Securities Litigation*, Master File No. CV-04-2147-PHX-JAT (D. Ariz.), unanimous jury verdict after a trial extending from November 2007 through January 2008 and recovery of $145 million for class members after an extensive appellate process upholding the

Page 26 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

jury verdict in full, the largest post-jury verdict recovery in the history of securities class action litigation under the Private Securities Litigation Reform Act of 1995; *In re Graphite Electrodes Antitrust Litigation*, Master File No. 97-CV-4182 (CRW) (E.D. Pa.), settlements recovering in excess of $133 million; *In re Flat Glass Antitrust Litigation*, Master Docket Misc. No. 97-550, MDL 1200 (W.D. Pa.), settlements of more than $120 million; *In re Automotive Refinishing Paint Antitrust Litigation*, 2:10-MD-01426-RBS (E.D. Pa.), settlements exceeding $105 million; *Gutierrez v. Charles J. Givens Organization, et al.*, Case No. 667169 (San Diego Cty. Cal Superior Ct.), jury verdict in excess of $14 million for the plaintiff consumer class in an action arising under the California's Unfair Competition Law.  BR&B also served as a co-lead counsel or participated in the prosecution group in a series of "Senior Annuity" cases, which achieved settlements valued in the aggregate between $552 million and $1.273 billion.

A copy of BR&B's firm CV detailing additional relevant experience is attached hereto as Exhibit J.

### f.    Cohen & Malad, LLP

Cohen & Malad, LLP is an experienced firm with significant class action leadership and litigation experience.  Over the last 25 years, the firm has successfully litigated a wide range of class action matters, including serving on the executive committee in the historic litigation brought against Swiss banks on behalf of Holocaust survivors, and more recently as lead counsel in antitrust actions involving the ready mixed concrete industry in Indiana and in Iowa. The firm has extensive experience in obtaining recoveries in class actions brought against government agencies and in pursuing consumer class claims in a wide variety of matters, including data breach actions.  Cohen & Malad, LLP possesses extensive resources to vigorously prosecute class action cases of any scale.

Page 27 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

A copy of Cohen & Malad's CV detailing additional relevant experience is attached hereto as Exhibit K.

### g.    Pogust Braslow & Millrood

Pogust Braslow & Millrood, LLC is a national law firm based outside of Philadelphia. For more than 25 years, Harris Pogust has successfully prosecuted many class actions, including *Pigford v. Glickman,* District of Columbia, Circuit Court, Case Nos. 99-5222, 99-5223, a 1.25 Billion dollar settlement on behalf of black farmers against the United States Department of Agriculture for discrimination in its allocation of farm loans and assistance. Pogust Braslow & Millrood, LLC has been lead counsel and/or on the plaintiffs' steering committees in numerous class actions, collective actions, complex litigation cases, and multi-district litigations and has experience with class action litigation and the relevant issues in evaluating and settling class action claims. Moreover, Pogust Braslow & Millrood possesses the extensive resources necessary to vigorously prosecute class action cases of any scale.

Below is an abbreviated list of class action cases which were successfully settled, or which settlement is currently pending, by Pogust Braslow & Millrood, LLC in its role as lead, co-lead counsel and/or class counsel on behalf of the respective putative classes:

- *Courtney v. Medical Manager*, Case No. ATL-L-2031-98, NJ Superior Court, (Lead counsel in class settlement on behalf of consumers who purchased defective computers; defendant allegedly violated breach of warranty claims and developed, marketed, and sold defective computer software).

- *Kiser v. Palm One, Inc*., CA Superior Court, Case No.: 04-CV-022956 (Lead counsel in class settlement on behalf of purchasers of defective cell phones alleging that the defendant violated the Consumer Legal Remedies Act and breach of express warranty).

Page 28 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

- *Agee, et al. v. Schaefer*, Case No.: 08-CV-00082 (District of Washington, D.C.) (Class counsel in the largest Civil Rights Class Settlement on behalf of black farmers who have alleged discriminatory lending practices).

- *Rose M. Regelman, et al. v. Level 3 Communications, LLC*, Case No.: 4:09-CV-0024 (Middle District of Pennsylvania) (Lead counsel in nationwide class action settlement alleging that defendant misclassified analysts as exempt employees).

- *Walter, et al. v. Hughes Communications, Inc. and Hughes Network Systems, LLC*, Case No.: 09-CV-02136 (Northern District of California) (Lead counsel in class action alleging that the defendant oversold their bandwidth and are unable to deliver the advertised upload and download speeds).

A copy of PBM's firm CV detailing additional relevant experience is attached hereto as Exhibit L.

### h.    Emerson Poynter LLP

Mr. Emerson is currently a member of the Plaintiffs' Counsel Steering Committee in the Aluminum Warehousing Antitrust Litigation representing one of the four direct purchaser plaintiffs. He is currently Co-Lead Counsel in shareholder derivative cases involving Wal-Mart, Ariad Pharmaceuticals, Citigroup, and JPMorgan Chase. In the past he has been Lead or Co-Lead Counsel in shareholder derivative cases involving Nicor, Cryolife, Chemtura, and AOL-Time Warner. He was also a member of the Plaintiffs' Counsel Steering Committee in the consolidated Enron ERISA litigation as well as numerous other cases identified in Emerson Poynter LLP's CV, which is attached hereto as Exhibit M.

In addition to the above listed firms, Badgley Mullins Turner PLLC and the Law Offices of Clifford A. Cantor, P.C. (firm CV attached hereto as Exhibit N) support this motion to appoint Cafferty Clobes as Interim Lead Counsel. Each of these firms supports the leadership structure proposed by Cafferty Clobes and has agreed to provide their resources in prosecuting the Actions.

Page 29 –    **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
        INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

**4.**     **Given the Complexity of the Actions, the Proposed Case Leadership Structure Is Appropriate**

While this action is complex, it deals with a relatively small class size relative to other data breach cases.  The appointment of sole lead counsel with liaison counsel will allow for efficient management of the litigation, because a single management team will delegate tasks, control briefing, and manage all time spent and work performed on the litigation by co-counsel.

Plaintiffs and the Class will benefit from the appointment of sole Lead Counsel and Liaison Counsel.  As discussed above, Cafferty Clobes has communicated with numerous class members, investigated the alleged breach and consulted with experts regarding the various technical issues in the case, identified potential conflicts, and drafted detailed Complaints. Additionally, given the nature of the claims, appointment of sole Lead Counsel, which will efficiently delegate work among co-counsel, will keep this Action streamlined and best represent Plaintiffs and the proposed Class.  As shown in Cafferty Clobes' *in camera* submission, all attorney and staff rates will be capped and be well in line with prevailing class contingent fee rates charged by comparable class action firms in the Northwest.  Proposed Interim Lead Counsel will also set hourly rates for all work in the case by all firms at the rates charged by Cafferty Clobes for lawyers of similar experience.  Also as demonstrated above, Proposed Interim Liaison Counsel has significant experience prosecuting class actions before this Court and is capable, ready, and willing to guide this litigation as Liaison.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the accompanying Order approving the proposed interim leadership structure.

Page 30 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

DATED:  July 28, 2015                    Respectfully submitted,


                                         /s/ Keith S. Dubanevich
                                         **Keith S. Dubanevich**, OSB No. 975200
                                         **Steve D. Larson**, OSB No. 863540
                                         **Mark A. Friel**, OSB No. 002592
                                         STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
                                         209 SW Oak St., Suite 500
                                         Portland, OR 97204
                                         Tel:    (503) 227-1600
                                         Fax:    (503) 227-6840
                                         Email:  slarson@stollberne.com
                                                 mfriel@stollberne.com
                                                 kdubanevich@stollberne.com

                                         *Proposed Interim Liaison Counsel*


                                         **Bryan L. Clobes**
                                         **Kelly L. Tucker**
                                         Cafferty Clobes Meriwether & Sprengel, LLP
                                         1101 Market St., Suite 2650
                                         Philadelphia, PA 19107
                                         Tel:    (215) 864-2800
                                         Fax:    (215) 864-2810
                                         Email:  bclobes@caffertyclobes.com
                                                 ktucker@caffertyclobes.com


                                         **Jennifer Winter Sprengel**
                                         **Nyran Rose Rasche**
                                         Cafferty Clobes Meriwether & Sprengel LLP
                                         150. S. Wacker
                                         Suite 3000
                                         Chicago, IL 60606
                                         Tel:    (312) 782-4880
                                         Fax:    (312) 782-4485
                                         Email:  jsprengel@caffertyclobes.com
                                                 nrasche@caffertyclobes.com


                                         *Proposed Interim Lead Counsel*


Page 31 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
            INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

This brief is also joined by the following:

Vincent J. Esades
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: vesades@heinsmills.com

Joseph G. Sauder
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041
610-642-8800
Fax: 610-649-3633
jgs@chimicles.com

Robert S. Schachter
Sona R. Shah
ZWERLING, SCHACHTER & ZWERLING,
LLP
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:  (212) 371-5969
rschachter@zsz.com
sshah@zsz.com

Dan Drachler (WSBA #27728)
ZWERLING, SCHACHTER & ZWERLING,
LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053
Facsimile:  (206) 343-9636
ddrachler@zsz.com

Mark S. Goldman
Paul J. Scarlato
Brian D. Penny
GOLDMAN SCARLATO & PENNY, PC
101 E. Lancaster Avenue, Suite 204
Wayne, PA 19087
Telephone: (484) 342-0700
Facsimile: (484) 580-8747
Email: goldman@lawgsp.com
scarlato@lawgsp.com
penny@lawgsp.com

Stephen R. Basser
Jeffrey Golan
BARRACK RODOS & BACINE
600 W. Broadway
Ste. 1700
San Diego, CA 92101
619−230−0800
sbasser@barrack.com
jgolan@barrack.com

Irwin B. Levin
Richard E. Shevitz
Lynn A. Toops
COHEN & MALAD, LLP
One Indiana Square, Ste. 1400
Indianapolis, IN 46204
Telephone:  (317) 636-6481
Facsimile: (317) 636-2495
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com

Harris L. Pogust
Kevin O'Brien
Pogust Braslow & Millrood, LLC
161 Washington St., Suite 1520
Conshohocken, PA 19428
Tel:     (610) 941-4204
Fax:     (610) 941-4248
Email: hpogust@pbmattorneys.com
          kobrien@pbmattorneys.com

**Page 32 –  MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
              INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**

John G. Emerson
EMERSON POYNTER LLP
830 Apollo Lane
Houston, TX 77058-2610
Telephone: (281) 488-8854
Facsimile: (281) 488-8867
Email: jemerson@emersonpoynter.com

Scott E. Poynter
Will T. Crowder
EMERSON POYNTER LLP
1301 Scott Street
Little Rock, AR 72202
Telephone: (501) 907-2555
Facsimile: (501) 907-2556
Email: scott@emersonpoynter.com
Email: wcrowder@emersonpoynter.com

Cliff Cantor
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email: cliff.cantor@outlook.com

Daniel A. Rogers
Duncan Calvert Turner
Badgley Mullins Turner PLLC
19929 Ballinger Way NE, Ste. 200
Seattle, WA 98155
206−621−6566
drogers@badgleymullins.com
dturner@badgleymullins.com

*Attorneys for Plaintiffs*

Page 33 –  **MOTION AND MEMO RE APPOINTMENT OF CAFFERTY CLOBES AS
INTERIM LEAD AND STOLL BERNE AS INTERIM LIAISON COUNSEL**