Kim D. Stephens, OSB #030635
Chase C. Alvord, OSB #070590
Christopher I. Brain, *admitted pro hac vice*
Jason T. Dennett, *admitted pro hac vice*
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile (206) 682-2992
*Attorneys for Plaintiffs Colcord and Guenser*

Ari J. Scharg, *admitted pro hac vice*
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: ascharg@edelson.com
*Attorneys for Plaintiff Cushnie*

Tina Wolfson, *admitted pro hac vice*
AHDOOT AND WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA 90069
Telephone: (310) 474-9111
Fax: (310) 474-8585
Email: twolfson@ahdootwolfson.com
*Attorneys for Plaintiffs Archibald, Purcell, and Fuerst*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT PORTLAND

| | |
|---|---|
| IN RE: Premera Blue Cross Customer Data Security Breach Litigation<br><br>This Document Relates to: All Cases | Case No. 3:15-md-2633-SI<br><br>**JOINT APPLICATION FOR APPOINTMENT OF PLAINTIFFS' PROPOSED LEADERSHIP STRUCTURE** |

Pursuant to Pretrial Order No. 1 (Dkt. 7) and Federal Rule of Civil Procedure 23(g), Kim

D. Stephens of Tousley Brain Stephens PLLC ("Stephens"), Ari Scharg of Edelson PC

("Scharg"), and Tina Wolfson of Ahdoot & Wolfson, PC ("Wolfson") (collectively, "Proposed Class Counsel"), respectfully request appointment as co-lead interim class counsel of the actions that have been centralized in this MDL.

## I.    INTRODUCTION

These 39 centralized putative class actions arise from a protracted health care data breach that Defendant Premera Blue Cross ("Defendant") did not detect for almost a full year. On March 17, 2015, Defendant announced that its IT database had been accessed without authorization and that hackers had obtained the personal medical and financial information of more than 11 million of its members and employees. While several plaintiffs' firms now seek appointment, Proposed Class Counsel bring unique perspective and experience to this MDL.

First, Ari Scharg of Edelson PC leads the firm's Data Breach Litigation Group, and has successfully litigated and settled the highest profile data breach cases to date—including the seminal case of *Resnick v. AvMed, Inc.*, 693 F.3d 1317 (11th Cir. 2012). Scharg and Edelson PC are routinely appointed as lead in state and federal courts across the country, and have extensive experience litigating health care data breach class actions. Unique to its practice (which focuses exclusively on cutting edge privacy matters), Edelson PC employs full time computer forensic investigators, which enables the firm to perform highly complex in-house analyses of novel and proprietary technologies. This forensic team—whose investigation led to the first-filed *Cushnie* action—works closely with Scharg and will remain actively involved throughout the pendency of this MDL.

Tina Wolfson has been prosecuting cutting edge privacy cases on behalf of consumer classes since the late 1990s. She was among the first group of attorneys who successfully litigated the privacy rights of millions of consumers against major financial institutions based on

defendants' compilation and sale of detailed financial dossiers to third party telemarketers without their consent. Such practices later became the subject of Graham Leach Bliley Act regulation, but at the time Wolfson was successfully prosecuting them they were cutting edge law. In the course of litigating numerous data breach class actions on behalf of plaintiffs, including those involving medical privacy rights, Ms. Wolfson has gained invaluable experience and has achieved important results. Most recently, Ms. Wolfson helmed plaintiffs' appellate efforts in the Neiman Marcus data breach case. *Remijas v. Neiman Marcus Group, LLC*, No. 14-3122, Docket No. 27, Slip Op. (7th Cir. July 20, 2015).

Kim D. Stephens of Tousley Brain Stephens PLLC is one of the Northwest's leading class action lawyers. He and his firm have recovered over a billion dollars for class members in consumer, products, employment, and securities cases. Stephens practices in Seattle where Premera is located and where a majority of the discovery in this case will occur, as well as in this jurisdiction.

Given their collective experience and coalition building efforts, 17 out of 39 cases, including 11 separate counsel groups' cases[1] in addition to their own six cases,[2] support Scharg,

---

[1] The cases are: *Hoirup v. Premera*, 3:15-cv-01104 (D.Or.), represented by Darrell L. Cochran, Kevin M. Hastings of Pfau Cochran Vertetis Amala PLLC; *Burkhardt v. Premera*, 3:15-cv-01155 (D.Or.), represented by Katrina Carroll of Lite DePalma Greenberg, LLC, Konstantine W. Kyros of Kyros Law Office and Matthew J. Ide; *Welch v. Premera*, 3:15-cv-01158 (D.Or.) represented by Joseph N. Kravec, Jr. of Feinstein Doyle Payne & Kravec, LLC and David A. Leen of Leen & O'Sullivan; *Facchinello v. Premera*, 3:15-cv-01162 (D.Or.) represented by Nick Suciu III of Barbat, Mansour & Suciu PLLC and Matthew J. Ide; *Christopherson v. Premera*, 3:15-cv-01164 (D.Or.) represented by Daniel J. Wasserberg of Meirowitz & Wasserberg, LLP and Matthew J. Ide; *Prothero v. Premera*, 3:15-cv-01165 (D.Or.) represented by Christopher P. Ridout and Caleb Marker of Ridout Lyon & Ottoson, LLP and Matthew J. Ide; *Green v. Premera*, 3:15-cv-01264 (D.Or.) represented by Johnathan Shub of Kohn Swift & Graf, PC and Matthew J. Ide; *Fitch v. Premera*, 3:15-cv-01265 (D.Or.) represented by William Anderson and Charles LaDuca of Cuneo Gilbert & LaDuca and Matthew J. Ide; *Flint v. Premera*, 3:15-cv-01266 (D.Or.), represented by Abbas Kazerouni of Kazerouni Law Group APC and Matthew J. Ide; *Cummings v. Premera*, 3:15-cv-01267 (D.Or.) represented by David Bower of Faruqi & Faruqi, LLP and Matthew J. Ide; and *Shores v. Premera,* 3:15-cv-01268 (D.Or.) represented by Deborah M. Nelson and Jeffrey D. Boyd of Nelson Boyd, PLLC.

Wolfson, and Stephens as co-lead interim class counsel, more than any other group vying for leadership.[3]  With these attorneys, Proposed Class Counsel have achieved consensus on the key factual and legal issues in these centralized cases, and assembled a proposed leadership structure designed to effectuate their shared vision and focus the issues to be litigated so as to best protect the interests of the class.  Indeed, Proposed Class Counsel have already significantly advanced those interests.  For example, they are the only group to have met with Defendant's lead counsel to discuss the parties' respective views of the case, the coordination of an early reciprocal exchange of documents and information, evidence preservation procedures (for both sides), and a proposed protocol for the production and handling of electronically stored information ("ESI").

In light of their experience and expertise, and their demonstrated ability to advance the interests of the putative class in an efficient and collaborative way, Scharg, Wolfson, and Stephens provide the best option for leading these cases. Accordingly, Proposed Class Counsel respectfully request that the Court (i) grant their leadership application, and (ii) appoint the following attorneys to the Plaintiffs' Steering Committee ("PSC"): James J. Pizzirusso of Hausfeld LLP, and Gary Lynch of Carlson Lynch Sweet & Kilpela LLP.

---

[2] Those cases are: *Cushnie v. Premera*, 3:15-cv-01101 (D.Or.), represented by Ari J. Scharg and Rafey S. Balabanian of Edelson PC; *Guenser v. Premera*, 3:15-cv-01103 (D.Or.), represented by Kim D. Stephens, Christopher I. Brain, Chase C. Alvord and Jason T. Dennett of Tousley Brain Stephens PLLC and James J. Pizzirusso and Swathi Bojedla of Hausfeld LLP; *Colcord v. Premera*, 3:15-cv-00516 (D.Or.), represented by Kim D. Stephens, Christopher I. Brain, Chase C. Alvord and Jason T. Dennett of Tousley Brain Stephens PLLC and James J. Pizzirusso and Swathi Bojedla of Hausfeld LLP; *Archibald v. Premera*, 3:15-cv-01107 (D.Or.), represented by Tina Wolfson, Robert Ahdoot and Theodore Maya of Ahdoot & Wolfson, PC and Matthew J. Ide; *Purcell v. Premera*, 3:15-cv-00572 (D.Or.), represented by Tina Wolfson, Robert Ahdoot, Theodore Maya of Ahdoot & Wolfson, PC and Anthony L. Rafel of Rafel Law Group; and *Fuerst v. Premera*, 3:15-cv-01170 (D.Or.), represented by Tina Wolfson, Robert Ahdoot, Theodore Maya of Ahdoot & Wolfson, PC, Konstantine W. Kyros of Kyros Law Offices and Thomas V. Wang, Jr. of Ashburn & Mason, P.C.

[3] Further, while Proposed Class Counsel do not believe it to be a critical metric, it should be noted that coalition member Darrell Cochran represents over 2,000 Premera customers.

## II.     STANDARD FOR APPOINTING INTERIM CLASS COUNSEL

"Rule 23(g)(3) grants the Court authority to appoint pre-certification 'interim' class

counsel . . . 'if necessary to protect the interests of the putative class,'" prior to class certification.

*White v. Experian Info. Solutions*, 993 F. Supp. 2d 1154, 1169, amended, 2014 U.S. Dist. LEXIS

61433 (C.D. Cal. May 1, 2014). Particularly where, as here, multiple related cases are pending,

"the selection and activity of class counsel are often critically important to the successful

handling of the class action." Fed. R. Civ. P. 23(g) (Notes of the Advisory Committee); see also

Manual for Complex Litigation (Fourth) §21.271 (2004). The Manual advises that:

> If . . . there are a number of overlapping, duplicative, or competing suits . . . and
> some or all of those suits may be consolidated, a number of attorneys may
> compete for class counsel appointment. In such cases, designation of interim
> counsel clarifies responsibility for protecting the interests of the class during
> precertification activities, such as making and responding to motions, conducting
> any necessary discovery, moving for class certification, and negotiating
> settlement.

*Id.*, §21.11. "Early organization of the counsel who have filed the various cases transferred or

consolidated for pretrial purposes is a critical case-management task." Id., §22.62.

In selecting interim class counsel, Rule 23(g)(2) requires the appointment of counsel

"best able to represent the interests of the class." *White*, 993 F. Supp. 2d at 1169-70. Thus, the

courts typically consider:

> (i)     the work counsel has done in identifying or investigating potential claims in
>         the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and
>         the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Likewise, the Court has indicated through Pretrial Order No. 1 that

the main criteria for appointment as interim lead class counsel in this MDL are (1) willingness and ability to commit to a time-consuming process; (2) ability to work professionally, civilly, and cooperatively with others; (3) professional experience in complex litigation; and (4) access to sufficient resources to advance the litigation in a timely manner. (*See* Dkt. 7 at ¶ 14.)

As detailed below (and in their respective law firm resumes), Proposed Class Counsel easily satisfy these factors. They have diligently identified and investigated the claims and potential defenses in this matter, successfully lead multidistrict litigation and large consumer privacy and technology cases, have the support of the largest coalition of counsel groups in this MDL, and have already demonstrated their ability to effectively and efficiently advance the interests of the putative class here.

## III. PROPOSED CLASS COUNSEL HAVE SUBSTANTIAL EXPERIENCE IN CASES OF SIMILAR SIZE, SCOPE, AND SUBJECT MATTER.

In selecting interim class counsel, courts place great emphasis on proposed lead counsel's experience with and knowledge of the applicable law. *See*, *e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004); Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii).  In this regard, Proposed Class Counsel are well-suited for appointment to a leadership position— they have litigated claims very similar to those asserted here and have served in leadership roles in other consolidated and/or multidistrict complex class actions.

### A. Ari J. Scharg, Edelson PC (Chicago)

As the Chair of Edelson PC's Data Breach Litigation Team, Ari Scharg has extensive experience litigating data breach and other consumer privacy class actions, and is routinely appointed as class counsel in high-profile privacy class actions in state and federal courts across the country. (*See* Edelson PC resume, attached as Exhibit 1; *see also* Scharg's certificate of good standing, attached as Exhibit 2.)

Ari Scharg and the other attorneys at Edelson PC have successfully litigated and resolved some of the most high profile data breach cases to date. This includes the seminal case of *Resnick v. AvMed*—the healthcare data breach case that arguably set the bar for every data breach lawsuit to follow, including this one. There, Scharg and his firm represented a class of consumers affected by a massive data breach, and pursued class claims to recover both (1) damages relating to identity theft (the typical claims sought by every data breach class action), as well as (2) damages stemming from the class's "overpayment" for data protection services that the defendant-insurer failed to deliver—a unique theory that would allow class members to recover a portion of their paid insurance premiums, regardless of whether or not they suffered actual identity theft. Even though the district court dismissed all of the classes' claims twice over, the *AvMed* litigation ultimately produced two, first-of-their-kind results:

(1)    In winning reversal, Scharg and the attorneys at Edelson PC secured a landmark appellate decision, where the Eleventh Circuit Court of Appeals held that (i) the plaintiffs demonstrated a causal link between the data breach at issue and allegations of identity theft, and (ii) that the plaintiffs successfully pleaded a separate and viable unjust enrichment theory, allowing *all* class members that paid money for health insurance to pursue money damages against the defendant. *See AvMed*, 693 F.3d at 1328. The first holding was (and is) a rarity in consumer data breach cases; the second was a landmark ruling.

(2)    Just as important, Scharg and the attorneys at Edelson PC ultimately negotiated a class settlement in *AvMed* where—for the first time ever—data breach victims who paid for promised but un-received data protection received monetary settlement payments, regardless of whether they suffered identity theft. *Resnick v. AvMed*, No. 10-cv-24513, Dkts. 82, 91 (S.D. Fla. October 25, 2013). In an article titled "AvMed's $3M Pact Blazes New Path for Data Breach Settlements," the settlement was described as "a groundbreaking pact . . . likely to serve as a template for other plaintiffs in class actions over data breaches."[4]

Further, Scharg and the attorneys of Edelson PC are, to date, the *only* attorneys in the

---

[4]    *See* Grande, Allison, available at http://www.law360.com/articles/484008/avmed-s-3m-pact-blazes-new-path-for-data-breach-plaintiffs (last visited July 28, 2015).

country to have successfully negotiated settlements of this kind—i.e., where nearly *all* members of a putative data breach class (not just those suffering identity theft) are eligible to recover monetary settlement payments. This includes not only *AvMed,* but also the class settlement that they reached in *In re: LinkedIn User Privacy Litigation*—a consumer class action concerning a 2012 data breach that affected LinkedIn members. *See In re: LinkedIn User Privacy Litigation*, No. 5:12-cv-03088, Dkt. 136 (N.D. Cal. January 29, 2015) (preliminarily approving class settlement against LinkedIn, based on allegations that users paid for—but did not receive—data security. Under the settlement, class members receive up to $50 without demonstrating identity theft or other injuries beyond overpayment). Beyond these landmark successes, Scharg is actively litigating four other health care data breach class actions in federal and state courts throughout the country.[5]

Outside of data breach litigations, the attorneys of Edelson PC have been specifically recognized as "pioneers in the electronic privacy class action field, having litigated some of the largest consumer class actions in the country on this issue." *See, e.g., In re Facebook Privacy Litig.*, No. C 10-02389, Dkt. 69 at 5 (N.D. Cal. Dec. 10, 2010) (order appointing Edelson PC interim co-lead of privacy class action); *In re Netflix Privacy Litig.*, No. 11-cv-00379, Dkt. 59 at 5 (N.D. Cal. Aug. 12, 2011) (appointing Edelson PC as sole lead counsel due, in part, to its "significant and particularly specialized expertise in electronic privacy litigation and class actions"). Simply put, Edelson PC has obtained the most decisive decisions—and negotiated the most influential settlements—for consumer privacy class actions. *See, e.g., Fox v. Time, Inc.*, No. 12-cv-14390, Dkt. 117 (E.D. Mich. July 27, 2015) (in case accusing a public magazine publisher

---

[5]  Scharg's other pending data breach cases are *Lozada, et al. v. Advocate Health and Hospitals Corp., et al*, No. 2013-CH-20390 (Cir. Ct. Cook County, Ill.); *Faircloth, et al. v. Adventist Health System/Sunbelt, Inc., et al.*, No. 2013-CA-009369 (Cir. Ct. Orange County, Fla.); *Ross v. Blue Cross Blue Shield Assoc., et al.*, No. 15-cv-2006 (N.D. Ill.); and *Case v. Hospital Corp. of Am., et al.*, No. 15-cv-20683 (S.D. Fla.).

of improper data disclosure practices, Scharg secured adversarial class certification of claims under the Michigan Preservation of Personal Information Act ("PPIA") and was amongst the Edelson PC attorneys that were appointed lead class counsel); *Halaburda v. Bauer Publishing Co.*, No. 12-cv-12831 (E.D. Mich.) (securing first ever class settlement under the PPIA); *Dunstan v. comScore*, No. 11-cv-5807, Dkts. 186, 369 (N.D. Ill.) (in case accusing a public internet analytics company of improper data collection practices, Edelson PC secured adversarial certification of largest ever privacy class comprised of millions of consumers for claims arising under federal privacy statutes, including the Computer Fraud and Abuse Act, and ultimately negotiated a $14 million settlement, which resulted in claiming class members receiving approximately $500 each); *In re Netflix Privacy Litigation*, No. 11-cv-00379 (N.D. Cal.) (appointing Edelson PC sole lead counsel, and finally approving $9 million settlement); *In re Jiffy Lube Int'l Text Spam Litigation*, No. 11-md-2261, 2012 WL 762888 (S.D. Cal.) (appointing Edelson PC co-lead counsel and finally approving $35 million text spam settlement).

Next, Scharg and Edelson PC have already devoted significant human and financial resources to representing the interests of the putative class here, and they will continue to devote the necessary resources to effectively represent and advance the interests of the putative class as the cases proceed. For example, Edelson employs not only a team of attorneys (and support staff), but also a full-time, in-house digital forensic investigations team comprised of computer forensic investigators, who assisted with the investigation that led to the filing of the first-filed *Cushnie* action, and will remain actively involved in ongoing information gathering and analysis. These resources, along with the firm's substantial subject-matter expertise, have allowed the firm to undertake in-house, highly complex review of novel and proprietary technology in the past, including the routine investigation and analysis of highly confidential and complex software

source code.  Given its substantial experience in investigating and litigating complex technology and privacy class actions, Edelson unquestionably has the resources necessary to prosecute the putative class's claims diligently and efficiently.

### B.  Tina Wolfson, Ahdoot & Wolfson, PC (Los Angeles)

As a founding member of Ahdoot & Wolfson ("AW"), Ms. Wolfson has been appointed class counsel in numerous class actions, and has obtained extensive experience in prosecuting complex class action and representative lawsuits. She has have served as class counsel in numerous class and representative actions against large corporate defendants involving varied consumer rights claims, with an emphasis on privacy rights.

Wolfson has been prosecuting cutting edge privacy cases on behalf of consumer classes since the late 1990's.  She was among the first group of attorneys who successfully litigated the privacy rights of millions of consumers against major financial institutions.  Plaintiffs alleged that the defendants used their personal information to compile detailed financial dossiers to use for internal marketing purposes and to sell to third party telemarketers, without their consent.  As lead counsel in these privacy class actions, Wolfson brought the consumer claims to successful conclusion on a class-wide basis, conferring millions of dollars of benefits to consumers.  The business practices that her clients challenged in these cases later became the subject of Graham Leach Bliley Act regulation. At the time that Wolfson and her team were litigating and successfully resolving these cases, however, they were new territory.  These consumer privacy class actions included, without limitation:

- *Zadeh v. Chase Manhattan Bank, et al.*, Case No. 323715 (Cal. Super. Ct., San Francisco Cty. ("SFSC")).

- *Steinhaus v. American Express Travel Related Services Co. et al.*, Case No.

416248 (SFSC).

- *Bernard v. MBNA America Bank, et al.*, Case No. 408700 (SFSC).

- *Shakib v. Discover Bank, et al.*, Case No. 416194 (SFSC).

- *Baumsteiger v. FleetBoston, et al.*, Case No. 408698 (SFSC).

- *Lanchester v. Washington Mutual Bank, et al.*, Case No. 429754 (SFSC).

Wolfson has also prosecuted medical privacy class actions on behalf of victims of data breaches under the California Confidentiality of Medical Information Act (*CMIA*). For example, AW was a member of the Executive Committee in the consolidated actions entitled *Whitaker v. Health Net*, Case No. 2:11-cv-00910-KJM (E.D. Cal.), and in the *Sutter Medical Information Cases*, Case No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.).

AW was also instrumental to the plaintiffs' efforts in the *Target* data breach litigation. AW contributed considerable effort to vetting hundreds of potential class representatives, legal research involving the different state laws in play, the consolidated complaint, and significant discovery efforts.

Wolfson is currently serving, by court appointment, on the Consumer Plaintiffs' Steering Committee in *The Home Depot, Inc., Customer Data Security Breach Litigation*.

Wolfson was elected as co-lead class counsel in the consumer class action stemming out of the Neiman Marcus data breach, entitled *Remijas, et al. v. Neiman Marcus Group, LLC*, No. 14-cv-1735 (N.D. Ill.). AW, with Wolfson at the helm, was responsible for briefing and arguing the groundbreaking appeal from the trial court's order granting the Motion to Dismiss on the pleadings based on lack of Article III standing. The Seventh Circuit's landmark opinion was the first appellate decision issued after the Supreme Court ruled in *Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138 (2013). The defense bar has aggressively advocated that *Clapper* set a more

rigorous standard for Article III standing inquiries and required a finding of no standing on behalf of plaintiffs in a data breach case, unless plaintiffs were able to show that they suffered unreimbursed fraudulent charges.  Thanks to Wolfson's efforts, the Neiman Marcus opinion was the first appellate court to reject this view of *Clapper* and, adopting plaintiff's reasoning, established, among other things, that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes. *Remijas v. Neiman Marcus*, No. 14-3122  (July 20, 2015, 7th Cir.) (reversed and remanded).

AW is currently litigating other privacy-related and data breach cases, including:

- *Bishop v. Shorter University, Inc.*, No. 4:15-cv-00033-HLM (N.D. Ga.)

- *Moyer v. Michaels Stores, Inc.*, No. 14-cv-561 (N.D. Ill.)

- *Antman v. Uber Technologies, Inc.*, No. 3:15-cv-01175-LB (N.D. Cal.)

- *In re: Anthem, Inc. Customer Data Sec. Breach Litig.*, No. 15-md-02617-LHK (N.D. Cal.)

- *In re: Sony Gaming Networks & Customer Data Security Breach Litigation*, No. 11-md-2258 (S.D. Cal.)

- *Wood v. American Eagle Outfitters, Inc.*, No. 1:15-cv-02370-VEC (S.D.N.Y.)

- *In re: Holiday Cruise Line Telephone Consumer Protection Act (TCPA) Litigation*, MDL No. 2637 (motion to transfer pending); underlying case: *Moran v. Consolidated World Travel, Inc.*, No. 0:15-cv-60482-BB (S.D. Fla.)

- *Chimeno-Buzzi v. Hollister Co.*, No. 1:14-cv-23120-MGC (S.D. Fla.)

- *Tucker v. Scout Industries, LLC*, No. 3:15-cv-05490-KLS (W.D. Wash.)

- *Maldonado v. Wells Fargo Bank, N.A.*, 3:15-cv-01646-BTM-JLB (S.D. Cal.)

In addition to privacy-related class actions, AW has been appointed lead counsel in numerous other complex consumer class actions, sometimes in contested leadership applications. Wolfson's resume is Exhibit 3 and her certificate of good standing is Exhibit 4.

Wolfson and AW are fully committed to this action and have the necessary financial resources and legal experience to prosecute this action to a successful conclusion. AW intends to dedicate substantial resources to this action and work collaboratively and cooperatively with defense counsel, the other proposed co-lead and liaison counsel, as well as those firms who are filing competing applications for lead in this matter.

### C.    Kim D. Stephens, Tousley Brain Stephens PLLC (Seattle)

Stephens has 34 years of trial experience, emphasizing commercial, real property and class action litigation. With his Seattle firm, Tousley Brain Stephens PLLC ("TBS"), he has litigated numerous nine figure class action cases. He is licensed to practice in Washington and Oregon and has practiced before the United States District Court for the District of Oregon for 20 years.

Stephens and TBS have been appointed lead or co-lead counsel in numerous class actions and MDLs over a broad spectrum of areas, including:

Products: *In re Louisiana-Pacific Inner Seal Siding*, ($500 million settlement), *Richison v. American Cemwood Corp.* ($188 million settlement), *Behr Wood Sealants* ($132 million settlement), *Williams et al. v. Weyerhaeuser Company* ($85 million settlement), *Zwicker v. General Motors, Inc.* (settlement entitled class members to replacement of defective speedometers), *Grays Harbor Christian School v. Carrier Corporation* (settlement valued in excess of $300 million entitled class members to free furnace repairs and past expenses),

*Clemans v. New Werner Co.* (settlement valued at $48 million entitled all class members to free replacement ladders).

Consumer: *Odom v. Microsoft* (settlement entitled each class member up to $75 of internet account charges), *Nelson v. Appleway Chevrolet, In.* (settlement entitled class members to full refund of all illegally collected taxes); *Cole v. Wells Fargo Bank N.A.* (settlement entitled class members to full refunds of all excessive fees).

Employment: *Barnett et al. v. Wal-Mart Stores, Inc.* ($35 million settlement)

Securities: *Johnson v. Amgen Boulder, Inc.* ($82 million settlement), *In re Washington Mutual Mortgage-Backed Securities* ($26 million settlement).

Data Breach. Stephens has committed considerable time and resources to prosecuting cases in the growing area of data breach class actions, including *In re The Home Depot, Inc. Customer Data Security Breach Litigation*, No. 14-md-02583 (N.D. Georgia), where he serves on the financial institutions experts and damages committee. He represents a putative class of financial institutions damaged when Home Depot failed to secure its customers' names, account numbers, card security codes, card expiration dates, and card PIN numbers against data breach. Mr. Stephens also represents a putative class in *In re Anthem, Inc. Data Breach Litigation,* No. 15-md-02617 (N.D. Cal.). Anthem, the second largest health insurer in the United States, failed to secure the confidential information of up to 80 million customers, including private medical records and social security numbers, from unauthorized access by third party hackers.

Stephens is often retained by other lawyers to handle trials and appeals. He has tried and arbitrated numerous cases to judgment. He brings a wealth of practical experience and court knowledge to this group from both sides of the bench, clerking and trying cases. See Kim D. Stephens' resume, Exhibit 5. For thirty years, Mr. Stephens has litigated cases with multiple firms as lead counsel, effectively assembling a single focused virtual law firm from many firms across the country. He maintains an active hourly practice and is keenly aware of cost effective case management and budgeting procedures. Stephens' certificate of good standing is Exhibit 6. Tousley Brain Stephens PLLC's resume is Exhibit 7.

**D.    Proposed Class Counsel is collectively responsible for the relevant appellate precedent that establishes plaintiffs' claims in the specialized area of data breach litigation:** *Neiman Marcus* **and** *AvMed***.**

Data breach litigation is a fast-evolving area of the law.  The proposed leadership group, collectively, has been at the forefront of this cutting edge litigation and its efforts are responsible for creating important legal precedent establishing that plaintiffs have viable causes of action in this case. It is the only group being proposed to the Court that has established important appellate precedent in this field.

Most recently, in *Remijas v. Neiman Marcus Group, LLC*, No. 14-3122, Docket No. 27, Slip Op. (7th Cir. July 20, 2015), the Seventh Circuit issued an opinion reversing the trial court's dismissal of a data breach case for lack of Article III standing. This is the first appellate decision issued after the Supreme Court ruled in *Clapper v. Amnesty Intern. USA*, 133 S.Ct. 1138 (2013). The defense bar has aggressively advocated that *Clapper* set a more rigorous standard for Article III standing inquiries and required a finding of no standing on behalf of plaintiffs in a data breach case, unless plaintiffs were able to show that they suffered unreimbursed fraudulent charges. The *Neiman Marcus* opinion was the first appellate court to reject this view of *Clapper* and, adopting plaintiff's reasoning, established, among other things, that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes. Proposed co-lead counsel Tina Wolfson of Ahdoot & Wolfson led the plaintiffs' efforts in this seminal appeal.

Similarly, in winning reversal in *Resnick v. AvMed*,  693 F.3d 1317 (11th Cir. 2012), plaintiffs, represented by Scharg, secured a landmark appellate decision, when the Eleventh Circuit Court of Appeals held that (i) the plaintiffs demonstrated a causal link between the data breach at issue and allegations of identity theft, and (ii) that the plaintiffs successfully pleaded a

separate and viable unjust enrichment theory, allowing *all* class members who paid money for health insurance to pursue money damages against the defendant. *See AvMed*, 693 F.3d at 1328.

A majority of the complaints filed in the centralized *Premera* actions adopted key allegations from the *AvMed* complaint, such as those giving rise to the "overpayment" theory of recovery, and virtually all of the complaints incorporated the "increased risk of future harm" theory that was recently endorsed by the Seventh Circuit in *Neiman Marcus*.

In sum, Scharg and Wolfson not only have extensive experience litigating data breach class actions—they have shaped the landscape in this area by securing the two landmark circuit-level rulings that form the basis for each and every one of the complaints in this MDL.

## IV.    PROPOSED LEAD COUNSEL HAVE LED THIS CASE FROM THE BEGINNING.

In addition to establishing the legal precedent on which all of the cases relied, Proposed Lead Counsel have done more for the benefit of the putative class than any other plaintiffs' counsel.  After thorough investigation—including by Edelson's in-house Digital Forensics Investigations Team—Scharg filed the first-filed case in this MDL, *Cushnie*, in Washington. Stephens filed the first Oregon case, *Colcord*.  Wolfson filed the first Alaska case, *Fuerst*, and the second Oregon case, *Purcell*.  From there, Proposed Lead Counsel have devoted substantial efforts toward prosecuting this case, including by:

(1)    Organizing and participating in several meetings of plaintiffs' counsel, where they presented their views of the case, and organized a coalition of attorneys committed to their vision and strategy.

(2)    Moving for consolidation and centralization of the cases in this MDL.

(3)    Meeting in person with Defendant's lead counsel—Paul Karlsgodt—to discuss the parties' respective views of the case, the possibility of coordinating an early reciprocal exchange of certain documents and information, and to open a dialogue regarding evidence preservation procedures (for both sides) and a proposed protocol for the production and handling of electronically stored information ("ESI").

(4)    Exchanging draft ESI stipulations and protocols with Defendant, as well as proposed preservation procedures. (Scharg and Stephens Letter to Karlsgodt, attached hereto as Exhibit 8; Karlsgodt Letter to Scharg and Stephens, attached hereto as Exhibit 9.)

(5)    Coordinating and drafting both the preliminary report and proposed pretrial order, which will be timely filed on July 31, 2015 on behalf of their 23-plaintiff coalition.

Proposed Class Counsel also coordinated and drafted both the preliminary report and proposed pretrial order, which will be timely filed on July 31, 2015 on behalf of their coalition. They have maintained constant communication with the other attorneys involved in this case, listening to others' views on how the case should proceed and, at times, demonstrating why Proposed Lead Counsel's vision for the case would result in the most efficient and effective strategy for the plaintiff class.

## V.    PROPOSED LEAD COUNSEL HAVE WIDE-RANGING SUPPORT FOR THEIR LITIGATION STRATEGY AND PROPOSED STRUCTURE FOR THE CENTRALIZED ACTIONS.

Proposed Lead Counsel have already organized support for their vision of the best way to litigate the putative class members' claims. That vision, in turn, is informed both by their experience in this area and their investigation into the facts and claims at issue. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

### A.    Proposed Lead Counsel investigated, identified, and built support for their vision of the putative class members' claims, which is chiefly built upon the *Neiman Marcus* and *AvMed* frameworks.

Counsel for the plaintiffs in the centralized actions all agree on one point: the data breach framework endorsed by Seventh Circuit in *Neiman Marcus* and the Eleventh Circuit in *AvMed* is key to the prosecution of this matter. Under that approach, Proposed Lead Counsel built consensus that the claims of the putative class members should be pursued through traditional common law theories, and that the goal is to recover (1) out-of-pocket expenses relating to actual

identity theft, (2) the cost associated with protecting oneself against future identity theft (i.e., the cost of credit monitoring, identity theft insurance, etc.), and (3) "overpayment" for the data protection services that the class paid for, and that Defendants promised, but never delivered. *See Neiman Marcus; Resnick*, 693 F.3d at 1322 (identity theft), 1328 (overpayment).

**B.      Proposed Lead Counsel's leadership efforts have generated substantial support for their vision for prosecuting the centralized actions.**

Proposed Lead Counsel have gathered the support of largest coalition of counsel groups in this MDL. Proposed Lead Counsel have made no explicit, implicit, direct or indirect financial deals or understandings of any kind.  Rather, the discussions have centered on a meritocracy: (1) Proposed Lead Counsel's experience in litigating cases of the same size and scope of the centralized actions; (2) Proposed Lead Counsel's ability to organize and lead the various firms involved;[6] and (3) the best substantive and procedural frameworks through which to prosecute the putative class members' claims. As detailed above, Proposed Lead Counsel have built consensus amongst the attorneys on this case and successfully communicated with the other plaintiffs' attorneys—something that will be absolutely vital to the effective and efficient prosecution of the cases in this MDL.

**C.      The proposed leadership structure nominates additional talented and experienced attorneys to prosecute the centralized actions.**

Proposed Lead Counsel proposes a Plaintiffs' Steering Committee of five lawyers in addition to lead counsel.  Proposed Lead Counsel nominates the following attorneys for the Plaintiffs' Steering Committee, and is open to working with whomever the court finds qualified to appoint to the remaining seats.  Proposed Class Counsel also intends to bring in the expertise of veteran trial attorney Darrell Cochran and his firm Pfau Cochran Vertetis Amala PLLC from

---

[6]  In appointing interim class counsel, Rule 23(g) also permits the Court to consider any other matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. 23(g)(1)(B).

Tacoma to assist on a trial committee.

**1.    James J. Pizzirusso, Hausfeld, LLP (Washington, D.C)**

Mr. Pizzirusso is the head of the Consumer Protection/Privacy practice group for

Hausfeld LLP, routinely recognized as one of the country's top plaintiff firms.  He has served as

co-lead counsel in numerous successful class actions and MDLs.  *See, e.g., In re Warner Music*

*Group Corp. Digital Downloads Litigation,* No. 12-0559 (N.D. Cal.) ($11.5 million nationwide

settlement for past damages with future increased royalties going forward.); *Wolph v. Acer*

*America Corp.,* No. 09-01314 (N.D. Cal.) (certified nationwide class action involving defective

computers, $22 million settlement later achieved); *Radosti v. Envision EMI, LLC*, No. 09-cv-

00887 (D.D.C.)($17.5 million nationwide settlement); *In re Tyson Foods, Inc. Chicken Raised*

*Without Antibiotics Consumer Litigation*, C.A08-1982, 2010 WL 1924012 (D. Md. May 11,

2010)($8 million nationwide settlement).  Mr. Pizzirusso serves as chair of the PSC in *In re The*

*Home Depot, Inc. Customer Data Security Breach Litigation*, No. 14-md-02583 (N.D. Georgia).

He serves on the financial institution steering committee in *In re Target Corporation Customer*

*Data Security Breach Litigation,* MDL No. 14-25522 (D. Minn.).  He is counsel for the class in

the *Anthem* data breach case and in *In re Kmart Corporation Customer Data Security Breach*

*Litigation.*  Hausfeld, LLP's resume is attached as Exhibit 10.  Mr. Pizzirusso's resume is

Exhibit 11, and his certificate of good standing is attached as Exhibit 12.

**2.    Gary Lynch, Carlson Lynch Sweet & Kilpela LLP (Pittsburg)**

Carlson Lynch Sweet & Kilpela LLP ("Carlson Lynch") litigates complex class-action

matters involving financial fraud (including securities fraud, derivative actions, and mortgage

fraud), antitrust, consumer fraud, labor and employment, disability access and wage and hour, in

federal and state courts throughout the country.  Litigation prosecuted by Carlson Lynch has

resulted not only in the substantial monetary recoveries and injunctive benefits on behalf of class members, but Carlson Lynch cases also continue to generate seminal legal authority.

Carlson Lynch is currently involved in several high-profile privacy/data breach matters. For example, Gary Lynch serves as co-lead counsel in *In re Home Depot Customer Data Security Breach Litigation*, representing the financial institution plaintiffs. Mr. Lynch also serves on the overall executive committee in *In re Target Corporation Customer Data Security Breach Litigation*.

Mr. Lynch also serves as a member of the plaintiffs' steering committee in *In re Community Health Systems Customer Data Security Breach Litigation*, MDL 2595 (N.D. Ala.), a medical information data breach involving current and former patients of a national health care organization. Carlson Lynch represents plaintiffs in numerous additional consolidated and individual data beach actions. Gary Lynch has also assisted the Massachusetts Bankers Association in the drafting of proposed legislation setting standards for cyber security in the payment card industry.

Mr. Lynch's resume is Exhibit 13, and his certificate of good standing is attached as Exhibit 14.

Numerous other law firms support this leadership structure and will be tasked with work when their assistance is most effective. In the interest of judicial economy, we will not labor the court with their achievements or accolades at this time. Each of them is accomplished class action firms and each have unique talents to offer this team.

## IV.    CONCLUSION

Proposed Class Counsel have the most experience relevant to assuming a leadership role here, have a clear and supported vision for prosecuting the centralized actions, and are able to

devote substantial resources to the on-going prosecution of this case. Proposed Class Counsel have relied, and will continue to rely, upon their experience to lead and organize all other firms involved in the centralized actions—including those who presently support the instant request for leadership appointment and those who seek appointment themselves. Accordingly, Plaintiffs respectfully request that the Court enter an Order (1) appointing Ari Scharg of Edelson PC, Tina Wolfson of Ahdoot & Wolfson, PC, and Kim D. Stephens of Tousley Brain Stephens PLLC as Interim Lead Class Counsel, (2) appointing James J. Pizzirusso and Gary Lynch to the PSC, and (3) providing such other and further relief as the Court deems reasonable.

Dated:  July 28, 2015

Respectfully Submitted,
**TOUSLEY BRAIN STEPHENS PLLC**

/s/ *Kim D. Stephens*
Kim D. Stephens, OSB #030635
Chase C. Alvord, OSB #070590
Christopher I. Brain, WSBA #5054
Jason T. Dennett, WSBA #30686
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Fax: (206) 682-2992
Email: kstephens@tousley.com

*Proposed Liaison and Co-Lead Counsel*

Tina Wolfson
**AHDOOT AND WOLFSON, PC**
1016 Palm Avenue
West Hollywood, CA 90069
Telephone: (310) 474-9111
Fax: (310) 474-8585
Email:  twolfson@ahdootwolfson.com

*Proposed Co-Lead Counsel*

Darrell L. Cochran
Kevin M. Hastings

Ari J. Scharg
**EDELSON PC**
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378
Email:  ascharg@edelson.com

*Proposed Co-Lead Counsel*

The following firms join this application:

James J. Pizzirusso
Hausfeld LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7154
Email: jpizzirusso@hausfeld.com

Katrina Carroll
Lite DePalma Greenberg, LLC

JOINT APPLICATION FOR APPOINTMENT OF PLAINTIFFS'
PROPOSED LEADERSHIP STRUCTURE - 21

Pfau Cochran Vertetis Amala PLLC
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Telephone: (253) 777-0799
Email: darrell@pcvalaw.com

Konstantine W. Kyros
Kyros Law Offices
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921
Email: kon@kyroslaw.com

Joseph N. Kravec, Jr.
Feinstein Doyle Payne & Kravec LLC
Allegheny Bldg., 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Email: jkravec@fdpklaw.com

Nick Suciu III
Barbat, Mansour & Suciu PLLC
434 W. Alexandrine, #101
Detroit, MI 48201
Telephone: (313) 303-3472
Email: nicksuciu@bmslawyers.com

Christopher P. Ridout
Caleb Marker
Ridout Lyon & Ottoson, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802
Telephone: (562) 216-7380
Email: c.ridout@rlollp.com
Email: c.marker@rlollp.com

William Anderson
Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, DC 20002
Telephone: (202) 789-3960
Email: wanderson@cuneolaw.com

David Bower

211 West Wacker Drive
Suite 500
Chicago, IL 60606
Telephone: (312) 750-1265
Email: kcarroll@litedepalma.com

Matthew J. Ide
7900 SE 28th Street, Suite 500
Mercer Island, WA 98040
Telephone: (206) 625-1326
Email: mjide@yahoo.com

David A. Leen
Leen & O'Sullivan
520 E. Denny
Seattle, WA 98122
Telephone: (206) 325-6022
Email: david@leenandosullivan.com

Daniel J. Wasserberg
Meirowitz & Wasserberg, LLP
845 Third Ave., 11th Floor
New York, NY 10022
Telephone: (212) 897-1988
Email: dw@mwinjurylaw.com

Johnathan Shub
Kohn Swift & Graf, PC
One South Broad Street
Philadelphia, PA 19107
Telephone: (215) 238-1700
Email: jshub@kohnswift.com

Abbas Kazerouni
Kazerouni Law Group APC
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

Deborah M. Nelson

Faruqi & Faruqi, LLP
369 Lexington Ave., 10th Floor
New York, NY  10017
Telephone:  (877) 247-4292
Email: dbower@faruqilaw.com

Jeffrey D. Boyd
Nelson Boyd, PLLC
411 University Street, Suite 1200
Seattle, WA  98101
Telephone: (206) 971-7601
Email: nelson@nelsonboydlaw.com
Email: boyd@nelsonboydlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the above and foregoing on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which automatically sends a copy to all counsel of record.

/s *Kim D. Stephens*
Kim D. Stephens