IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:15-md-2633-SI |
| This Document Relates to All Actions | |

**STIPULATED REQUEST FOR AN ORDER GOVERNING DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION AND PROPOSED ORDER**

**WHEREAS**, the Parties have agreed to stipulate and agree, pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, by and through their undersigned counsel and subject to Court approval, to the following terms governing discovery of documents and electronically stored information ("ESI") in this case:

### I. GENERAL GUIDELINES

1. This Stipulated Request for an Order Governing Discovery of Documents and Electronically Stored Information (the "Protocol") will govern, subject to Court approval, discovery of documents and ESI in this matter as a supplement to the Federal Rules of Civil Procedure and United States District Court for the District of Oregon Local Rules. The Parties desire to control and focus the production of documents and ESI to the needs of the case to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Protocol is not intended to expand any document preservation or production requirements under the Federal Rules of Civil Procedure or limit any protection available to a Party under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. The Parties

will endeavor to comply with this Protocol, but if compliance with this agreement creates an undue burden or expense, the Parties shall attempt to resolve such issues in good faith.

3.     Each Party shall bear its own costs for the production of documents and ESI.  In the event, however, that a Party requests documents or ESI that would result in the production of cumulative or repetitive information or information that otherwise imposes an undue burden or expense, the producing Party may object.  The Parties shall work in good faith to resolve any such objections.  In the event that the Parties are unable to resolve an objection, and upon substantiation of such an objection, the producing Party may move the Court for an Order shifting the cost of producing such cumulative or repetitive information or information that otherwise imposes an undue burden or expense to the requesting Party.  Unless good cause is shown, in no event will the producing Party disclose information for the first time to the Court that it has not disclosed to the requesting Party in the meet and confer process (e.g., affidavits regarding related expenses, documentation regarding cumulative nature, etc.).

4.     By agreeing to this Protocol, neither Party waives any of its rights under Federal Rule of Civil Procedure 26.  Further, the Parties agree that the standard enumerated in the proposed amendments to Federal Rule of Civil Procedure 37(e), as approved by the U.S. Supreme Court on April 29, 2015, will govern any issue regarding spoliation measures or sanctions in this case.

## II.   LIAISON

5.     Each Party will designate a liaison (the "Liaison") knowledgeable about the Party's ESI and who will be responsible for discussing it.  Each ESI Liaison will be, or will have access to those who are, knowledgeable about the technical aspects of electronic discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The Parties will utilize the Liaisons, as needed, to confer about

ESI and to help resolve disputes without Court intervention.

### III. PRESERVATION

6. The Parties have discussed their preservation obligations and needs, and agree to the reasonable and proportional preservation of potentially relevant documents and ESI. To reduce the costs and burdens of preservation while still ensuring the preservation of relevant information, the Parties agree to continue to meet and confer, as appropriate, regarding preservation parameters.

7. Each Party shall bi-annually communicate the existence and substance of the obligation to preserve documents to those employees and/or agents responsible for carrying out the Party's obligations hereunder, and maintain a record of to whom the existence and substance of this information has been communicated. An e-mail or paper memorandum directed to such employees and/or agents shall be sufficient to communicate these obligations. No Party will be required to provide these communications to the other Party absent a Court Order.

### IV. GENERAL SEARCH GUIDELINES

8. The Parties agree that in responding to an initial Federal Rule of Civil Procedure 34 request, or earlier if appropriate, they will meet and confer regarding appropriate search methodologies for all relevant and reasonably accessible documents and ESI.

### V. DISCLOSURE

9. Within 45 days of the Court's entry of this Protocol, the Parties shall produce in writing:

    a. A list of the producing Party's most likely custodians of relevant electronic materials, including each person's title and a brief description of such person's responsibilities.

    b. A list of locations and/or ESI storage system(s) that the producing Party

        has identified as likely locations of relevant, non-duplicative, and reasonably accessible documents and ESI.  This will include a general description of each location, which may include the dates of service, nature, scope, character, organization, and formats employed in each system.

    c.    Whether a responding Party believes that they have or may have potentially responsive ESI that is inaccessible or only of limited accessibility and, hence, not producible by that Party.  If a responding Party does so contend, it shall disclose:

        i.    The general nature of such information (e.g., correspondence, meeting minutes, etc.);

        ii.    The reason(s) why the information is considered inaccessible or of only limited accessibility; and

        iii.    A proposed capture and retrieval protocol necessary for identification and recovery of the information deemed inaccessible (and cost of such if available).

## VI. PRODUCTION FORMATS

10.    Paper documents amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by TIFF Image (DII) Load Files. Paper documents may be produced in back-and-white or color, but if a producing Party intends to rely in any brief or heading on any aspect of a document that requires review in color, the Party shall produce that document in color.  Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order entered in this litigation. (*See* Docket No. 41.)  Reasonable efforts shall be made to scan the pages at or near

their original size.  Physically oversized originals, however, may appear reduced.  In addition, reducing an image may be necessary to display production numbers and confidentiality designations without obscuring the text.  Paper documents produced in this manner will be accompanied by load files with searchable text (including OCR text).  If a Party desires additional information about a particular paper document produced in this form, the Parties will meet and confer regarding the appropriate means to supply that information.

11. ESI amenable to being imaged will be produced as images on optical disks (i.e., CDs or DVDs) or external hard drives accompanied by TIFF Image (DII) Load Files, with a minimum resolution of 300 DPI with the exception of color documents, which shall be produced as JPG (or JPEG) image format.  Each image will bear a unique production number and any applicable confidentiality language pursuant to the Protective Order entered in this litigation. (*See* Docket No. 41.)  ESI produced in this manner will be accompanied by load files with searchable text (including electronically extracted text or, if electronically extracted text is unavailable, OCR text), and to the extent available:

- Unitization (including the production number of the first and last page of each file);

- Attachments (including information sufficient to identify the parent and child relationships of all documents and ESI that are or have attachments);

- Source information (including the identity of the custodian, or, if none, a generalized location); and

- Metadata (including author, file type, date created, data modified, title, FilePath, PathToNative, sender ("from"), primary recipient ("to"), courtesy or carbon copy ("cc"), blind courtesy or carbon copy ("bcc"), subject, sent time/date, and received time/data).

12. To the extent that spreadsheets, executable files, videos, animations, audio files, and presentations that include video, animation, or audio shall be produced, these items shall be produced where practical in native format.  To the extent that documents produced in native

format cannot be rendered or viewed without the use of propriety software, the Parties shall meet and confer to minimize any expense or burden associated with the review of such documents, including issues that may arise with respect to obtaining access to any such software or operating manuals.  All documents produced as native files shall be produced along with a spacer image sheet that: (i) is in the format for static images explained above; (ii) indicates that the file was produced as a native file; and (iii) is marked with a production number.  That production number will be the production number of the corresponding native file.  The native file name shall include this production number.

       13.     If production of a particular document as a native format file would result in the disclosure of information protected by the attorney-client privilege, the work-product doctrine or that is otherwise protected from discovery, the producing Party may object to its production as a native file and produce, with redactions, the document in native or static image format as specified above.

       14.     Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  These files are typically very large and would, if rendered to static image format (e.g., to accommodate redaction of confidential or irrelevant information), produce thousands of pages that would have little utility to a reviewer.  The producing Party, upon mutual agreement with the requesting Party, may opt to produce relevant and responsive information from databases in an alternative form, such as a report or data table.  These reports or data tables will be produced in a static image format.

       15.     If a Party identifies unique, responsive documents or information in a form that cannot reasonably be imaged and that does not fall within the categories to be produced in native

format, that Party shall inform the requesting Party of the existence of such records. The Parties shall then meet and confer regarding the appropriate means for producing or permitting inspection of such documents or information.

16. All imaged documents shall be provided with an associated image load file. No document should span or break across multiple folders.

### VII. Duplicates

17. To the extent that duplicate documents or ESI reside within a Party's data set, each Party is only required to produce a single copy of the responsive information. If a document is de-duplicated across custodians, then the metadata field called "OTHERCUSTODIANS" must be provided listing the numbers of other custodians who were in possession of the document at the time of collection, but whose copy has been withheld as a duplicate.

### VIII. Documents Protected from Discovery

18. The parties will propose a separate comprehensive 502(d) and (e) Clawback Stipulation and Order ("Clawback Order"). In addition, nothing in this Protocol shall be interpreted to require disclosure of irrelevant information or of relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. The Parties do not waive any objections to the production or discoverability of any document or information, including, without limitation, objections regarding burden overbreadth, or relevance of document requests.

### IX. Modification

19. This Protocol may be modified by stipulated request, subject to Court approval, or by the Court for good cause shown.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**Plaintiffs' Executive Leadership Committee**

Dated: December 18, 2015         By:  /s/ Kim D. Stephens
                                                      One of Plaintiffs' Attorneys

Christopher I. Brain
cbrain@tousley.com
Kim D. Stephens
kstephens@tousley.com
Chase C. Alvord
calvord@tousley.com
Jason T. Dennett
jdennett@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Tel: 206.682.5600
Fax: 206.682.2992

*Interim Lead Plaintiffs' Counsel*

Keith S. Dubanevich
kdubanevich@stollberne.com
Steve D. Larson
slarson@stollberne.com
Mark A. Friel
mfriel@stollberne.com
STOLL STOLL BERNE LOKTING & SCHLACHTER P.C.
209 SW Oak Street
Portland, Oregon 97204
Tel: 503.227.1600
Fax: 503.227.6840

*Interim Liaison Plaintiffs' Counsel*

Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Tina Wolfson
twolfson@ahdootwolfson.com
AHDOOT AND WOLFSON, PC

8

1016 Palm Avenue
West Hollywood, California 90069
Tel: 310.474.9111
Fax: 310.474.8585

James Pizzirusso
jpizzirusso@hausfeldllp.com
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Tel: 202.540.7200
Fax: 202.540.7201

*Plaintiffs' Executive Leadership Committee*

**PREMERA BLUE CROSS**,

Dated: December 18, 2015       By:   */s/ Paul G. Karlsgodt*
                                     One of Defendant's Attorneys

Paul G. Karlsgodt
pkarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Tel: 303.861.0600
Fax: 303.861.7805

Daniel R. Warren
dwarren@bakerlaw.com
BAKER & HOSTETLER LLP
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114
Tel: 216.620.0200
Fax: 216.696.0740

Darin M. Sands
sandsd@lanepowell.com
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Tel: 503.778.2117
Fax: 503.778.2200

*Counsel for Defendant Premera Blue Cross*

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

The Parties' Stipulated Request for an Order Governing Discovery of Documents and Electronically Stored Information is adopted.

Entered: _____, 2015

_____
HONORABLE MICHAEL H. SIMON
UNITED STATES DISTRICT JUDGE