IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PREMERA BLUE CROSS<br>CUSTOMER DATA SECURITY BREACH<br>LITIGATION<br><br>This Document Relates to All Actions | Case No. 3:15-md-2633-SI |

**JOINT RULE 26(F) REPORT**

1.  Counsel for the parties, Kim Stephens and James Pizzirusso on behalf of Plaintiffs Mary Fuerst, Ross Imbler, Anne Emerson, Debbie Hansen-Bosse, William Fitch, Eric Forseter, Anne Michelle Blackwolfe, Krishnendu and Madhuchanda Chakraborty, Howard Kaplowitz, Stuart and Ilene Hirsh, Darin Purcell, Kevin Smith and Catherine Bushman, Sharif Ailey, April Allred, Elizabeth Black, Ralph Christopherson, Robert and Theresa Foulon, Crystal Hayes, Barbara Lynch, Kevin McLallen, Surya Prakash, Gabriel and Laura Webster, and Joann Welch (collectively "Plaintiffs") and Paul Karlsgodt and James Sherer on behalf of Defendant, Premera Blue Cross, met and conferred on December 1, 2015, as required by this Court's Pretrial Order No. 3 [Docket No. 10] and Fed. R. Civ. P. 26(f) and the Local Rules, and they prepared the following report.

2.  Initial Disclosures. The parties will exchange by January 29, 2016, the following information required by Fed. R. Civ. P. 26(a)(1)(A)(i): the name, and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Defendant has already produced all insurance

policies that it believes might cover the conduct alleged in Plaintiffs' Complaint. The parties have agreed to waive all other initial disclosures.

 3. Discovery Plan. The parties jointly propose to the court the following discovery plan:

  a. Discovery will be needed on the following subjects: Defendant's representations regarding the security of Plaintiffs' personal and medical information; Defendant's computer systems and security measures; the nature and cause of the security incident; whether and the extent to which that Plaintiffs' personal and medical information was reviewed or disclosed; efforts undertaken by Defendant to remediate the security incident; and whether and to what extent any injuries or damages were caused by the security incident. The parties agree that discovery will not be phased, though the parties anticipate that there will be a period for discovery prior to class certification and an additional period for discovery after a ruling on class certification.

  b. The parties will propose a separate comprehensive Stipulated Request for an Order Governing Discovery of Documents and Electronically Stored Information ("ESI") (the "Discovery Order").

  c. The parties will propose a separate comprehensive 502(d) and (e) Clawback Stipulation and Order ("Clawback Order").

  The parties are not required to log privileged or work product documents entirely from or between outside counsel and a party, dated after the date in which the party retained outside counsel in connection with the security incident from which this matter arises. Both sides reserve the right to request a log of particular

types of these documents where good cause exists. The producing party will provide a privilege log within thirty (30) days after each production.

The parties have discussed potential privilege issues associated with a report prepared for Defendant by a third party (Mandiant) relating to the data breach. Defendant has asserted that the full report is protected attorney work product. The parties anticipate that there will be motions practice related to plaintiffs' demand for production of this report.

d. Dates for commencing and completing discovery are outlined in this Court's Pretrial Order No. 3 [Docket No. 10].

e. There are a maximum of forty interrogatories by each party to any other party or group of parties.

f. There is no limit on requests for admission by each party to any other party or group of parties. The parties agree to meet and confer regarding authenticity of documents to try to avoid the need to use requests for admission for this purpose.

g. The parties agree that Plaintiffs, collectively, and Defendant may each take up to ten (10) lay witness depositions without seeking leave of court under Fed. R. Civ. P. 30(a)(2). Expert witness depositions shall not count against this agreed limit. Furthermore, if Defendant identifies more than ten witnesses on its initial disclosures, the parties agree that the limitation of ten (10) lay witness depositions will be expanded to include the number of lay witnesses Defendant and Plaintiffs may take depositions up to that maximum number.

Counsel will make every effort to coordinate on deposition scheduling in advance of sending notices of deposition. Nothing herein precludes a party from

serving a notice of deposition following such request if dates are not agreed upon within five (5) business days of notice of intent to depose having been given. Regardless of location, all depositions shall be conducted in accordance with all applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law. All objections shall be stated concisely in a non-argumentative and non-suggestive manner. The phrase "objection, form" shall preserve all objections to the form of a question under the Federal Rules and may be used instead of making any particular objection to the form of a question. Counsel shall avoid making speaking objections.

Parties shall be deposed where they reside unless the parties reach a mutual agreement as to an appropriate alternative location.

h.     Each deposition is limited to maximum of seven (7) hours unless extended by agreement of parties or good cause is shown. Absent agreement of the parties or a court order allowing for additional time under Rule 30(d)(1), the subpoenaing party may depose a third party witness for up to five (5) hours and the non-subpoenaing party (if they cross-notice the deposition) may depose the witness for up to two (2) hours. The parties will meet and confer in good faith regarding this presumptive split of deposition time as needed. To the extent that either party does not use its allotted time, the other party may use the remaining time for further questioning.

g.     Reports from retained experts under Rule 26(a)(2) will be due pursuant to the Court's Pretrial Order No. 3 [Docket No. 10].

4. Other Items.

    a. Settlement cannot be evaluated prior to a ruling on the Motion to Dismiss. Settlement may be enhanced by use of the following alternative dispute resolution procedure: mediation.

DATED December 18, 2015.

**TOUSLEY BRAIN STEPHENS PLLC**

By:   *s/Kim D. Stephens*
Kim D. Stephens, OSB No. 030635
Christopher I. Brain, admitted *pro hac vice*
Chase C. Alvord, OSB No. 070590
Jason T. Dennett, admitted *pro hac vice*
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Tel: (206) 682-5600
Fax: (206) 682-2992
Email: cbrain@tousley.com
kstephens@tousley.com
calvord@tousley.com
jdennett@tousley.com

*Interim Lead Plaintiffs' Counsel*

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By:   *s/ Steve D. Larson*
Keith S. Dubanevich, OSB No. 975200
Steve D. Larson, OSB No. 863540
Mark A. Friel, OSB No. 002592
209 SW Oak Street, Suite 500
Portland, OR 97204
Tel: (503) 227-1600
Fax: (503) 227-6840
Email: kdubanevich@stollberne.com
slarson@stollberne.com
mfriel@stollberne.com

*Interim Liaison Plaintiffs' Counsel*

Ari J. Scharg
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Tina Wolfson
twolfson@ahdootwolfson.com
AHDOOT AND WOLFSON, PC
1016 Palm Avenue
West Hollywood, CA 90069
Tel: 310.474.9111
Fax: 310.474.8585

James Pizzirusso
jpizzirusso@hausfeldllp.com
HAUSFELD LLP
1700 K. Street NW, Suite 650
Washington, DC 20006
Tel: 202.540.7200
Fax: 202.540.7201

*Plaintiffs' Executive Leadership Committee*

**PREMERA BLUE CROSS**

By:   *s/ Paul G. Karlsgodt*
Paul G. Karlsgodt
pkarlsgodt@bakerlaw.com
BAKER & HOSTETLER LLP
1801 California Street, Suite 4400
Denver, Colorado 80202
Tel: 303.861.0600
Fax: 303.861.7805

Daniel R. Warren
dwarren@bakerlaw.com
BAKER & HOSTETLER LLP
1900 East Ninth Street, Suite 3200
Cleveland, Ohio 44114
Tel: 216.620.0200
Fax: 216.696.0740

Darin M. Sands
sandsd@lanepowell.com
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Tel: 503.778.2117
Fax: 503.778.2200

*Counsel for Defendant Premera Blue Cross*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Kim D. Stephens*
Kim D. Stephens
