IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| IN RE: PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates to All Actions. | Case No. 3:15-md-2633-SI<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS** |
|---|---|

This matter came before the Court on Plaintiffs' Motion Plaintiffs' Motion for an Award of Attorney's Fees and Expenses and for Representative Plaintiff Service Awards ("Fee Motion"). All capitalized terms not otherwise defined have the meanings set forth in the Settlement Agreement (ECF 273-1) ("Settlement").

The Court, having previously entered the Order Preliminarily Approving Class Action Settlement and Notice Procedures and Setting Final Approval Hearing ("Preliminary Approval Order"), dated July 29, 2019, in which the Court preliminarily approved the proposed Settlement as being fair, reasonable, and adequate to the Settlement Class; preliminarily certified the Settlement Class; designated Representative Plaintiffs and Class Counsel; appointed a Settlement Administrator; approved the forms and methods of disseminating information about the Settlement and attorney's fees and found them to constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all

persons entitled to receive such notices, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules; established procedures for Class Members to make claims, opt out, or object to the Settlement and Fee Motion; established deadlines for the filing of a motion for final approval of the Settlement and Fee Motion; and scheduled a hearing for March 2, 2020, to review the Settlement and the Fee Motion;

The Court having held a hearing on Plaintiffs' Fee Motion on March 2, 2020, after notice to the Class, and the Court having fully considered Plaintiffs' Fee Motion and Memorandum in Support, as well as the declarations and submissions in support thereof, and all papers filed or submitted to the Court in connection with the proceedings in these actions, and good cause appearing therefor;

THE COURT HEREBY ORDERS AND FINDS AS FOLLOWS:

1.  The Court has considered Class Counsel's Fee Motion along with the declarations submitted by Counsel setting forth their time and expenses incurred in connection with this Litigation.

2.  The Court has considered that the Parties have fully implemented the procedures for notice to the Class pursuant to the Settlement and the Preliminary Approval Order, with the exception of posting Plaintiffs' Motion and Supporting Memorandum For an Award of Attorneys' Fees and Expenses and for Representative Plaintiff Service Award and its supporting documentation on the settlement website before the deadline for class member objections. These documents, however, were filed in the Court docket before the deadline and thus were available for review. The notice provided to Class Members also stated that the documents were available upon request and contact information for Class Counsel and the Settlement Administrator was

included. Some objectors, who are among the Named Plaintiffs in this case, objected that counsel's failure to post these documents on the settlement website failed to provide the objectors with an opportunity to meaningfully review the fee motion and its supporting documents before the objection deadline. These objectors, however, received the documents electronically through the Court's CM/ECF filing system and, therefore, received copies of the fee motion and supporting documentation before the objection deadline. Their objections are overruled.

3.   Pursuant to Rule 23(h), and relevant Ninth Circuit authority, the Court awards Class Counsel $12,752,610.97 as an award of reasonable attorney's fees to be paid in accordance with the Settlement. The Court finds this amount of fees fair and reasonable under the percentage of recovery method and under a lodestar cross-check, given the exceptional results obtained for the Settlement Class in the form of significant monetary and injunctive relief; the complexity and novelty of the issues presented in the litigation; the risk of non-payment posed in the litigation; the contingent nature of the fee; and the skill of Class Counsel.

4.   Pursuant to Rule 23(h), and relevant Ninth Circuit authority, the Court awards Class Counsel $1,247,389.03 as an award of reasonable costs and expenses to be paid in accordance with the Settlement. The Court finds this amount of costs and expenses is fair and reasonable, and represents the reasonable expenses incurred to advance this litigation.

5.   The Court has considered the objections to the motion for attorney's fees, costs, and service awards. Those objections are overruled.

6.   The Court grants Settlement Class Counsel discretion to allocate the attorney's fees, costs and expenses among all Plaintiffs' counsel.

Page 3 –   ORDER GRANTING MOTION FOR ATTORNEY'S FEES, COSTS, AND SERVICE AWARDS

7. This award of attorney's fees, costs, and expenses, and any interest earned thereon, shall be paid in accordance with the Settlement. This award of attorney's fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

8. The Court grants Class Counsel's requested Service Awards of $5,000 to Named Plaintiffs Sharif Ailey, April Allred, Elizabeth Black, Catherine Bushman, Krishnendu Chakraborty, Maduhchanda Chakraborty, Ralph Christopherson, Anne Emerson, William Fitch, Eric Forseter, Mary Fuerst, Debbie Hansen-Bosse, Stuart Hirsch, Ilene Hirsh, Ross Imbler, Howard Kaplowitz, Barbara Lynch, Kevin Smith, Gabriel Webster, and Laura Webster. The Court finds that these Service Awards are justified by each Named Plaintiff's service to the Settlement Class. This Service Award shall be paid in accordance with the Settlement.

9. Without affecting the finality of this Order, the Court hereby reserves continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this Order.

10. The Court shall enter a judgment consistent with this Order.

The Court directs the Clerk of the Court to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation.

IT IS SO ORDERED this 2nd day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge